# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

## SPEICHER v COLUMBIA TOWNSHIP BOARD OF TRUSTEES

Docket No. 148617. Argued October 8, 2014. Decided December 22, 2014.

Kenneth J. Speicher brought an action against the Columbia Township Board of Trustees and the Columbia Township Planning Commission in the Van Buren Circuit Court, seeking declaratory and injunctive relief on the basis of defendants' alleged violations of the Open Meetings Act (OMA), MCL 15.261 *et seq*. The trial court, Paul E. Hamre, J., granted summary disposition in favor of defendants. Plaintiff appealed. In an unpublished opinion issued January 22, 2013, the Court of Appeals, WILDER, P.J., and O'CONNELL and K. F. KELLY, JJ., affirmed the trial court's denial of injunctive relief but reversed its denial of declaratory relief and remanded the case for further proceedings, specifying that because the technical nature of the OMA violation did not warrant injunctive relief, plaintiff was not entitled to attorney fees or costs under MCL 15.271(4). Plaintiff moved for reconsideration. On December 19, 2013, the Court of Appeals granted the motion, vacating that part of the opinion that had addressed attorney fees. On reconsideration, the Court of Appeals held that under binding caselaw interpreting the OMA, plaintiff was entitled to attorney fees and costs because he had succeeded in obtaining relief. The Court of Appeals added that absent that caselaw, the panel would have held that attorney fees and costs are available under MCL 15.271(4) only to plaintiffs who request and obtain injunctive relief. 303 Mich App 475 (2013). The panel called for the convening of a special panel under MCR 7.215(J)(3) to address the issue. The Court of Appeals declined to convene the special panel. Defendants sought leave to appeal. The Supreme Court ordered and heard oral argument on whether to grant the application for leave to appeal or take other peremptory action. 496 Mich 852 (2014).

In an opinion by Justice VIVIANO, joined by Chief Justice YOUNG and Justices MARKMAN, KELLY, ZAHRA, and MCCORMACK, the Supreme Court *held*:

Prior decisions of the Court of Appeals strayed from the plain language of MCL 15.271(4). A person may not recover court costs or attorney fees under the plain language of that statute unless he or she succeeds in obtaining injunctive relief, overruling *Ridenour v Dearborn Bd of Ed*, 111 Mich App 798 (1981), and its progeny to the extent that those cases allowed the recovery of attorney fees and costs under MCL 15.271(4) when injunctive relief was not obtained.

1. If a public body is not complying with the OMA, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further

noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action. The first statutory condition—if a public body is not complying with the act—contemplates an ongoing violation, precisely the circumstances in which injunctive relief is appropriate. The second statutory condition—commencement of a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act—requires that the person seek injunctive relief. The third statutory condition—a requirement that a person who files an action seeking such relief succeeds in obtaining relief in the action—cannot be separated from the phrase that precedes it. Given that the phrase "relief in the action," uses a definite article and immediately follows the phrase "a person commences a civil action against the public body for injunctive relief," the phrase "relief in the action" must be construed as referring to injunctive relief. The Legislature was not required to restate the modifier "injunctive" when again referring to the noun "relief" because the modifier is implied when the statute is read as a whole. When read in the context of the statutory scheme, MCL 15.271 limits the award of attorney fees to cases in which the public body persists in violating the act, a suit is brought to enjoin that behavior, and that suit is successful in obtaining injunctive relief. There is no allowance in the statute for obtaining the equivalent of relief; the plaintiff must obtain injunctive relief, as sought in commencing the action.

2. In this case, the trial court and the Court of Appeals agreed that plaintiff failed to show that he was entitled to injunctive relief because there was no evidence that the commission had a history of OMA violations, there was no evidence that this violation was willful, and there was no evidence that the public or plaintiff was harmed. Therefore, while the Court of Appeals concluded that plaintiff was entitled to declaratory relief for defendants' notice violation, he was not entitled to court costs and attorney fees because he did not succeed in obtaining injunctive relief.

Court of Appeals opinion and order issued December 19, 2013, reversed; portion of the Court of Appeals opinion issued January 22, 2013, concerning court costs and attorney fees reinstated.

Justice CAVANAGH, dissenting, would have held that plaintiff was entitled to costs and attorney fees. Shortly after the enactment of the OMA, the Court of Appeals effectively held that declaratory relief granted in lieu of or as the functional equivalent of an injunction supports an award of costs and attorney fees under MCL 15.271(4). The Court of Appeals has reiterated that holding in numerous published opinions over a period of more than 30 years. Despite the clear holdings of the Court of Appeals, the Legislature has not taken any action to signal its disapproval of that line of cases. The Legislature's silence is a strong indication that the Court of Appeals properly effectuated the Legislature's intent. The Court of Appeals' interpretation, moreover, was consistent with the purpose of MCL 15.271(4) in particular and the OMA more broadly. In the context of public bodies, a judgment for declaratory relief is the functional equivalent of an injunction in that it restrains the public body from further noncompliance with the OMA. The majority's interpretation, in contrast, undermines the OMA's enforcement provision and the purpose of the OMA generally, and will curtail the ability of private citizens to bring OMA complaints.

©2014 State of Michigan

# Opinion

Chief Justice:       Justices:
Robert P. Young, Jr.  Michael F. Cavanagh
                     Stephen J. Markman
                     Mary Beth Kelly
                     Brian K. Zahra
                     Bridget M. McCormack
                     David F. Viviano

FILED DECEMBER 22, 2014

STATE OF MICHIGAN

SUPREME COURT

KENNETH J. SPEICHER,

      Plaintiff-Appellee,

v                                                           No. 148617

COLUMBIA TOWNSHIP BOARD OF
TRUSTEES and COLUMBIA TOWNSHIP
PLANNING COMMISSION,

      Defendants-Appellants.

BEFORE THE ENTIRE BENCH

VIVIANO, J.

In this Open Meetings Act (OMA)[1] case, defendants Columbia Township Board of Trustees and Columbia Township Planning Commission appeal the Court of Appeals' decision holding that plaintiff Kenneth Speicher was entitled to an award of court costs and actual attorney fees based on his entitlement to declaratory relief under the OMA. The Court of Appeals reached this decision only because it was compelled to do so by

---

[1] MCL 15.261 *et seq*.

Court of Appeals precedent.[2] If not for this binding precedent, the Court of Appeals would have denied plaintiff's request for court costs and actual attorney fees on the ground that the plain language of MCL 15.271(4) does not permit such an award unless the plaintiff obtains injunctive relief. We agree with the Court of Appeals that prior decisions of that court have strayed from the plain language of MCL 15.271(4). Therefore, we reverse the Court of Appeals opinion and order issued December 19, 2013, and reinstate the portion of its January 22, 2013 decision regarding court costs and actual attorney fees.

## I. FACTS AND PROCEDURAL HISTORY

In early 2010, the Columbia Township Board of Trustees (the Board) adopted a resolution that fixed the regular monthly meetings of the Board and the Columbia Township Planning Commission (the Planning Commission) for the year 2010-2011. However, during the regularly scheduled October 18, 2010 meeting, the Planning Commission adopted another resolution that it would conduct quarterly, rather than monthly, meetings beginning January 2011. According to the Township Clerk, after the Planning Commission adopted the new schedule, she contacted a local newspaper, the *South Haven Tribune*, and requested publication of the new meeting schedule. She stated that she also posted a revised meeting schedule at the Township Hall entrance with the February and March 2011 meetings whited out.

---

[2] MCR 7.215(J).

Plaintiff is a property owner in the township. According to plaintiff, he had no notice of the new quarterly meeting schedule, and he appeared for the meetings in February and March 2011, seeking to raise a number of issues before the Planning Commission. Plaintiff claimed that the posted schedule did not reflect the change to quarterly meetings and no notices appeared in the *South Haven Tribune* prior to those previously scheduled meetings.

Plaintiff sued defendants, alleging that the decision to change the schedule was not made at an open meeting[3] and that the February and March meetings were canceled without proper notice in violation of the OMA.[4] Plaintiff alleged that, as a result of the meetings not being held, his right to present certain concerns to the Planning Commission was impaired.[5] Plaintiff sought a declaration that the Planning Commission's decision to

---

[3] MCL 15.263(2) requires that "[a]ll decisions of a public body shall be made at a meeting open to the public."

[4] MCL 15.265(3) requires that public notice of changes to regularly scheduled meetings be "posted within 3 days after the meeting at which the change is made[.]"

[5] This allegation appears to refer to MCL 15.270(2), which provides as follows:

> A decision made by a public body may be invalidated if the public body has not complied with the requirements of section 3 [MCL 15.263](1), (2), and (3) in making the decision or if failure to give notice in accordance with section 5 [MCL 15.265] has interfered with substantial compliance with section 3(1), (2), and (3) and the court finds that the noncompliance or failure has impaired the rights of the public under this act.

However, plaintiff has specifically disclaimed that he sought to invalidate defendants' decision under that provision, stating that "[t]he damage had been done and invalidation under MCL 15.270 was simply not available."

3

cancel the regularly scheduled meetings was made in violation of the OMA, and he sought to enjoin the Planning Commission and the Board from further noncompliance with the OMA.[6] Plaintiff also cited MCL 15.271(4) and alleged that "if this Court grants relief as a result of this complaint, [plaintiff] shall recover court costs and actual attorney fees for this action."

Finding that defendants' conduct was not actionable, the trial court denied plaintiff's motion for summary disposition and granted summary disposition to defendants. The trial court also denied plaintiff's motion for reconsideration. The trial court ruled that defendants did not violate the OMA because plaintiff was not denied access to any meetings. To the extent that notice may not have been timely posted, this was a technical violation not entitling plaintiff to relief. The trial court acknowledged that the notice cancelling the February and March Planning Commission meetings "may not have been done in strict compliance with" the OMA, but the court concluded that any violations were "technical in nature, and did not impair the rights of the public in having their governmental bodies make decisions in an open meeting." Plaintiff had, at most, been inconvenienced by the failure to post timely notice of the meeting changes given that "[p]laintiff had the option of bringing his concerns to the Planning Commission at its next regularly scheduled meeting."

---

[6] Plaintiff clarified in a later pleading that his claim for injunctive relief was premised on the Board's prior violation of the OMA during the selection of a new township fire chief. See *Speicher v Columbia Twp Bd of Trustees*, unpublished opinion per curiam of the Court of Appeals, issued February 25, 2014 (Docket No. 313158).

4

Plaintiff appealed in the Court of Appeals, which affirmed in part and reversed in part in an unpublished opinion.[7] The Court of Appeals concluded that while the meeting schedule change was properly made at an open meeting, defendants plainly violated the OMA by not timely posting the modified schedule. It therefore held that the trial court erred by failing to grant declaratory relief to plaintiff on that point. However, the Court of Appeals also held that the trial court properly denied injunctive relief for defendants' technical notice violation because "there was no evidence that the Commission had a history of OMA violations, there was no evidence that this violation was done willfully," and there was no evidence that the public or plaintiff was harmed in any manner.[8] The Court of Appeals therefore ruled that "given that the technical nature of this OMA violation resulted in no injunctive relief being warranted, plaintiff is not entitled to any attorney fees or costs under MCL 15.271(4) on remand."[9]

Plaintiff moved for reconsideration, arguing that because the Court of Appeals had held that he was entitled to declaratory relief under the OMA, he was entitled to an award of court costs and actual attorney fees under MCL 15.271(4). The Court of Appeals granted reconsideration and vacated the portion of its unpublished opinion regarding attorney fees.[10] In a published opinion, the Court of Appeals then held that plaintiff was

---

[7] *Speicher v Columbia Twp Bd of Trustees*, unpublished opinion per curiam of the Court of Appeals, issued January 22, 2013 (Docket No. 306684).

[8] *Id*. at 2. The Court of Appeals pointed out that plaintiff was able to present his concerns to the Commission at the December 2010, January 2011, and April 2011 meetings.

[9] *Id*.

[10] *Speicher v Columbia Twp Bd of Trustees*, unpublished order of the Court of Appeals, entered December 19, 2013 (Docket No. 306684).

5

entitled to court costs and actual attorney fees under existing case law because he established entitlement to declaratory relief.[11]  However, the Court of Appeals reached this conclusion only because it was bound by court rule to follow prior published Court of Appeals decisions.[12]  The Court explained that the rule that court costs and actual attorney fees were available whenever a plaintiff files a lawsuit seeking injunctive relief under MCL 15.271 and obtains some form of relief had developed from the misapplication of a prior Court of Appeals decision issued in 1981, *Ridenour v Dearborn Bd of Ed*.[13]  However, the Court determined that this rule was unsupported by the plain language of MCL 15.271(4) and that the cases that developed this rule often did not provide any substantive analysis.[14]  Were the Court of Appeals free to decide the issue as

---

[11] *Speicher v Columbia Twp Bd of Trustees*, 303 Mich App 475, 476-477; 843 NW2d 770 (2013).  We note that the Court of Appeals also stated that "plaintiff did not request attorney fees at the trial court or in his claim of appeal." *Id*. at 477.  But our review of the record proves that statement to be inaccurate.  Plaintiff initiated his request for attorney fees in his complaint and reiterated that request in briefing on his motion for summary disposition and claim of appeal.  Thus, this issue is preserved.

[12] *Id*. at 476-477, citing MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.").

[13] *Speicher*, 303 Mich App at 482, citing *Ridenour v Dearborn Bd of Ed*, 111 Mich App 798; 314 NW2d 760 (1981).  In *Ridenour*, the trial court did not find it necessary to grant injunctive relief because of the defense attorney's promise that the defendant would abide by the court's ruling.  *Ridenour*, 111 Mich App at 801.  The trial court nevertheless awarded the plaintiff court costs and actual attorney fees because he obtained "the equivalent of an injunction," and the Court of Appeals affirmed. *Id.* at 801, 806.

[14] See *Craig v Detroit Pub Schs Chief Executive Officer*, 265 Mich App 572; 697 NW2d 529 (2005); *Herald Co, Inc v Tax Tribunal*, 258 Mich App 78; 669 NW2d 862 (2003); *Morrison v East Lansing*, 255 Mich App 505; 660 NW2d 395 (2003); *Kitchen v Ferndale City Council*, 253 Mich App 115, 127; 654 NW2d 918 (2002); *Nicholas v Meridian*

6

it deemed appropriate, it would have denied attorney fees and costs under MCL 15.271(4) because the statute permits such an award *only* when a plaintiff prevails on a request for injunctive relief, which did not occur in this case.[15]

Defendants sought review in this Court, asserting that the Court of Appeals erred by awarding plaintiff court costs and actual attorney fees but correctly reasoned that such costs and fees were improper because plaintiff did not obtain injunctive relief as required by MCL 15.271(4). Plaintiff responded, contending that MCL 15.271(4) expressly requires an award of court costs and actual attorney fees when a plaintiff obtains any relief, not just injunctive relief. In lieu of granting leave, we ordered oral argument on the application, directing the parties to address

> whether MCL 15.271(4) authorizes an award of attorney fees and costs to a plaintiff who obtains declaratory relief regarding claimed violations of the Open Meetings Act (MCL 15.261 *et seq.*), or whether the plaintiff must obtain injunctive relief as a necessary condition of recovering attorney fees and costs under MCL 15.271(4).[16]

---

*Charter Twp Bd*, 239 Mich App 525; 609 NW2d 574 (2000); *Manning v East Tawas*, 234 Mich App 244; 593 NW2d 649 (1999); *Schmiedicke v Clare Sch Bd*, 228 Mich App 259, 266-267; 577 NW2d 706 (1998); *Menominee Co Taxpayers Alliance, Inc v Menominee Co Clerk*, 139 Mich App 814, 820; 362 NW2d 871 (1984).

[15] *Speicher*, 303 Mich App at 479. The Court of Appeals called for a special panel to resolve the conflict, see MCR 7.215(J)(3), but the Chief Judge of the Court of Appeals subsequently ordered that a special panel not be convened.

[16] *Speicher v Columbia Twp Bd of Trustees*, 496 Mich 852 (2014).

## II. STANDARD OF REVIEW

Issues of statutory interpretation are reviewed de novo.[17] In interpreting a statute, we consider "both the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme."[18] As with any statutory interpretation, our goal is to give effect to the intent of the Legislature by focusing on the statute's plain language.[19]

## III. ANALYSIS

At issue in this case is the proper interpretation of the phrase "succeeds in obtaining relief in the action" in MCL 15.271(4). This Court has not yet addressed whether that phrase refers to *injunctive* relief, as defendants contend and the Court of Appeals panel would have held, or to *any* relief, as plaintiff contends and the *Ridenour* line of cases have held.[20] Unlike the Court of Appeals below, we are not bound by the prior Court of Appeals decisions. Therefore, we are able to independently assess the relevant statutory language to determine whether the Court of Appeals has properly interpreted MCL 15.271(4). For the reasons stated below, we agree with defendants and

---

[17] *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

[18] *Estate of Shinholster v Annapolis Hosp*, 471 Mich 540, 549; 685 NW2d 275 (2004) (quotation marks and citations omitted).

[19] *Malpass v Dep't of Treasury*, 494 Mich 237, 247-248; 833 NW2d 272 (2013).

[20] In *Omdahl v West Iron Co Bd of Ed*, 478 Mich 423; 733 NW2d 380 (2007), this Court addressed the language of MCL 15.271(4), but the plaintiff there sought and obtained injunctive relief, and the issue was limited to whether a pro se litigant, who is also an attorney, may recover court costs and actual attorney fees.

the Court of Appeals panel that court costs and actual attorney fees under MCL 15.271 may only be awarded when a plaintiff *seeks and obtains* injunctive relief.

Under the OMA, public bodies must conduct their meetings, make all of their decisions, and conduct their deliberations (when a quorum is present) at meetings open to the public.[21] The OMA also requires public bodies to give notice of their regular meetings and changes in their meeting schedule in the manner prescribed by the act.[22] If a public body has failed to comply with the requirements of the act, in addition to authorizing enforcement actions by the attorney general or local prosecuting attorney, the OMA also allows for any person to commence a civil action.[23] The OMA creates a three-tiered enforcement scheme for private litigants:

(1)  Section 10 of the OMA allows a person to file a civil suit "to challenge the validity of a decision of a public body made in violation of this act."[24] Subsection (2) specifies when a decision may be invalidated, and Subsection (5) allows a public body to cure the alleged defect by reenacting a disputed decision in conformity with the OMA. Notably, § 10 does not provide for an award of attorney fees or costs.

(2)  If a public body is not complying with the OMA, § 11 allows a person to file a civil suit "to compel compliance or to enjoin further noncompliance with this act."[25]

---

[21] MCL 15.263.

[22] MCL 15.265.

[23] MCL 15.270; MCL 15.271; MCL 15.273.

[24] MCL 15.270(1).

[25] MCL 15.271(1).

Subsection (4) provides for an award of court costs and actual attorney fees when three conditions are met: (a) a public body is not complying with the act; (b) a person files "a civil action against the public body for injunctive relief to compel compliance or enjoin further noncompliance with the act"; and (c) the person "succeeds in obtaining relief in the action[.]"[26] The meaning of this latter phrase is the crux of this case.

(3)     Finally, § 13 provides that a public official who intentionally violates the OMA is "personally liable in a civil action for actual or exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees . . . ."[27]

As an initial matter, "these sections, and the distinct kinds of relief that they provide, stand alone."[28] This is an important point because "[t]o determine whether a plaintiff may bring a cause of action for a specific remedy, this Court must determine whether [the Legislature] intended to create such a cause of action."[29] When a statute, like the OMA, "gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only."[30]

---

[26] MCL 15.271(4).

[27] MCL 15.273.

[28] *Leemreis v Sherman Twp*, 273 Mich App 691, 701; 731 NW2d 787 (2007).

[29] *South Haven v Van Buren Co Bd of Comm'rs*, 478 Mich 518, 528-529; 734 NW2d 533 (2007) (quotation marks and citation omitted).

[30] *Id*. at 529 (quotation marks and citations omitted).

10

Plaintiff does not seek to invalidate any action by defendants or make a claim for personal liability against a public official. Therefore, we must train our focus on § 11 of the OMA to determine if it provides an adequate basis for the Court of Appeals' award of court costs and actual attorney fees in this case.[31] MCL 15.271 provides as follows:

> (1) If a public body is not complying with this act, the attorney general, prosecuting attorney of the county in which the public body serves, or a person may commence a civil action to compel compliance or to enjoin further noncompliance with this act.

> (2) An action for injunctive relief against a local public body shall be commenced in the circuit court, and venue is proper in any county in which the public body serves. An action for an injunction against a state public body shall be commenced in the circuit court and venue is proper in any county in which the public body has its principal office, or in Ingham county. If a person commences an action for injunctive relief, that person shall not be required to post security as a condition for obtaining a preliminary injunction or a temporary restraining order.

> (3) An action for mandamus against a public body under this act shall be commenced in the court of appeals.

> (4) If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and

---

[31] The Court of Appeals failed to identify the source of its authority to grant plaintiff declaratory relief in this case. The OMA does not provide for such relief. Nor is it clear that plaintiff was entitled to declaratory relief under MCR 2.605, the court rule governing declaratory judgments. See *South Haven*, 478 Mich at 533-534 (stating that a party does not have standing to bring a declaratory judgment claim where there is no actual controversy); *id.* at 528 ("It is well settled that when a statute provides a remedy, a court should enforce the legislative remedy rather than one the court prefers.") (quotation marks and citation omitted). In any event, since no party raised the issue, we will assume without deciding that plaintiff was entitled to declaratory relief on its claim that defendants violated the act by not timely posting the Planning Commission's modified meeting schedule, as required by MCL 15.265(3).

succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.

At the outset, we acknowledge that, in isolation, the phrase "relief in the action" in MCL 15.271(4) could potentially refer to more than one type of relief because "it is well established that 'we may not read into the statute what is not within the Legislature's intent as derived from the language of a statute.' "[32] However, "it is equally well established that to discern the Legislature's intent, statutory provisions are *not* to be read in isolation; rather, context matters, and thus statutory provisions are to be read as a whole."[33] An attempt to segregate any portion or exclude any portion of a statute from consideration is almost certain to distort legislative intent.[34] Therefore, plaintiff's strained reading of an excerpt of one sentence must yield to context. If, when reading the statute as a whole, it is apparent that "relief in the action" refers to injunctive relief, we should not circumscribe our analysis to one clause of the sentence.

Looking to the plain language of MCL 15.271(4), we believe it is clear that the Legislature only intended for a person to recover court costs and actual attorney fees if the person succeeds in obtaining injunctive relief.[35] The first statutory condition, "[i]f a

---

[32] *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010) (citation omitted).

[33] *Id*.

[34] *Id*. at 16, citing 2A Singer & Singer, Statutes & Statutory Construction (7th ed), § 47.2, p 282.

[35] As noted above, Subsection (4) provides for an award of court costs and actual attorney fees when three conditions are met: (1) "a public body is not complying with the act"; (2) a person files "a civil action against the public body for injunctive relief to compel compliance or enjoin further noncompliance with the act"; and (3) the person "succeeds in obtaining relief in the action." MCL 15.271(4).

public body is not complying with this act," contemplates an ongoing violation, precisely the circumstances in which injunctive relief is appropriate. The second condition, i.e., commencement of "a civil action against the public body for injunctive relief to compel compliance or enjoin further noncompliance with the act," directly refers to and obviously requires that a party seek injunctive relief. And the third condition, i.e., a requirement that a party who files an action seeking such relief "succeeds in obtaining relief in the action," cannot be divorced from the phrases that precede it.[36]

Plaintiff makes much of the fact that, in this latter phrase, the Legislature did not specifically modify the word "relief" with the word "injunctive," and argues that this means that *any* relief obtained for a violation of the OMA mandates an award of attorney fees and costs. However, by its plain language, MCL 15.271(4) requires that the plaintiff succeed "in obtaining relief *in the action*." We find it significant that the phrase "relief in *the* action" employs the definite article, "the."[37] Use of that word, which we read as having a "specifying or particularizing effect,"[38] indicates a legislative intent to refer to an action seeking *injunctive* relief and subsequently obtaining such relief. That is, given that the relevant phrase, "relief in *the* action," immediately follows the phrase "a person commences a civil action against the public body for *injunctive* relief," the phrase "relief

---

[36] See *Sanchick v State Bd of Optometry*, 342 Mich 555, 559; 70 NW2d 757 (1955) ("[W]ords and clauses will not be divorced from those which precede and those which follow.").

[37] See *Robinson*, 486 Mich at 14, citing *Detroit v Tygard*, 381 Mich 271, 275; 161 NW2d 1 (1968) ("We regard the use of the definite article 'the' as significant.").

[38] *Random House Webster's College Dictionary* (2001).

13

in *the* action" must also be construed as referring to injunctive relief. Obtaining relief other than injunctive relief merely because, or as result, of the action is insufficient to meet the requirement of the statute.[39]

Moreover, even though the Legislature did not modify the word "relief" with the word "injunctive" in the particular phrase at issue, use of the word "injunctive" when again referring to "relief" was unnecessary. This Court was faced with an almost identical problem in *Robinson v City of Lansing*: the Legislature modified a noun, but omitted the modifier from its subsequent use of the noun.[40] The defendant City argued that the Legislature's failure to qualify "highway" as a "county highway" in MCL 691.1402a(2) meant that the 2-inch rule applied to all improved portions of highways designed for vehicular travel.[41] Plaintiff, on the other hand, asserted that the

---

[39] See *Felice v Cheboygan Co Zoning Comm*, 103 Mich App 742, 746; 304 NW2d 1 (1981) ("Some meaning must be attributed to the phrase 'relief in the action.' The Legislature did not use the phrase 'because of the action,' nor did they simply require that a party be successful in obtaining 'relief.' In choosing the words 'in the action,' the Legislature intended to restrict the circumstances under which a plaintiff would be entitled to costs and actual attorney fees.").

[40] *Robinson*, 486 Mich at 10-11, citing MCL 691.1402a.

[41] *Robinson*, 486 Mich at 13. The version of MCL 691.1402a in effect at the time provided, in pertinent part, as follows:

> (1) Except as otherwise provided by this section, a municipal corporation has no duty to repair or maintain, and is not liable for injuries arising from, *a portion of a county highway outside of the improved portion of the highway* designed for vehicular travel, including a sidewalk, trailway, crosswalk, or other installation. This subsection does not prevent or limit a municipal corporation's liability if both of the following are true:

> (a) At least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of

14

"highway" in Subsection (2) must be a "county highway" as framed by Subsection (1) (meaning it did not apply to the state highway where she was injured).[42] This Court sided with the plaintiff, stating that "a reasonable person reading this statute would understand that all three subsections of this provision apply only to *county* highways."[43]

The same analysis applies here. Subsection (4) specifically refers to and is limited to injunctive relief by use of the word "injunctive" in the preceding phrase, "a civil action against the public body for *injunctive* relief[.]" Because the word "relief" appears twice in the same sentence, only a strained reading of a portion of that sentence prevents the obvious conclusion that the second mention of "relief" is in direct reference to the first. The Legislature was not required to restate the modifier, "injunctive," when again referring to the noun, "relief," as the modifier was already sufficiently incorporated into the statute and, when read in context, was implied when the Legislature subsequently

---

reasonable diligence, should have known of the existence of a defect in a sidewalk, trailway, crosswalk, or other installation outside of the improved portion *of the highway* designed for vehicular travel.

(b) The defect described in subdivision (a) is a proximate cause of the injury, death, or damage.

(2) A discontinuity defect of less than 2 inches creates a rebuttable inference that the municipal corporation maintained the sidewalk, trailway, crosswalk, or other installation *outside of the improved portion of the highway* designed for vehicular travel in reasonable repair [i.e., the "2-inch rule"]. [Emphasis added.]

[42] *Robinson*, 486 Mich at 13.

[43] *Id*. at 16; see also *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012) ("When undertaking statutory interpretation, the provisions of a statute should be read reasonably and in context.").

used the word "relief."[44]  A reasonable reader of MCL 15.271(4) would understand that when a plaintiff "commences a civil action . . . for injunctive relief," the plaintiff is required to "succeed[] in obtaining [*injunctive*] relief in the action" to be entitled to court costs and actual attorney fees.

Our conclusion is reinforced by viewing MCL 15.271 as a whole.  The statute allows a person to seek injunctive relief to compel compliance or to enjoin further noncompliance with the OMA.[45]  The statute then provides the proper venue in which to commence an action for injunctive relief.[46]  And finally, the statute allows for a person to recover court costs and actual attorney fees for an action against the public body for injunctive relief if a person "succeeds in obtaining relief in the action."[47]  Thus, as a whole, MCL 15.271 only speaks in terms of an injunctive relief and contemplates no other form of relief.[48]

---

[44] See *Robinson*, 486 Mich at 16-17 ("[W]e do not believe that the Legislature is under an obligation to cumbersomely repeat language that is sufficiently incorporated into a statute . . . ."); *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 533; 697 NW2d 895 (2005) (" '[T]he meaning of statutory language, plain or not, depends on context.' ") (citation omitted).

[45] MCL 15.271(1) and (4).

[46] MCL 15.271(2).

[47] MCL 15.271(4).

[48] We note that MCL 15.271(3) discusses an "action for mandamus" instead of an "action for injunctive relief" like MCL 15.271(1), (2), and (4).  However, mandamus operates like an injunction, as mandamus "may issue *to compel* a body or an officer to perform a clear legal duty for one holding a clear legal right to such performance."  *Detroit v Detroit Police Officers Ass'n*, 174 Mich App 388, 392; 435 NW2d 799 (1989) (emphasis added).

Plaintiff's interpretation of the statute does not comport with the statutory scheme. According to plaintiff's theory, a party can satisfy the second condition of the statute simply by requesting injunctive relief—regardless of whether such claim has any legal merit. And, according to plaintiff, as long as a party receives any type of relief, the party has satisfied the third condition of the statute—regardless of whether the relief arises from another section of the OMA or has a separate legal basis altogether. We cannot conclude that this is what the Legislature intended simply by omitting an implied modifier. Rather, a party seeking a remedy under the OMA is confined to the remedy provided under the applicable section of the act—here, MCL 15.271.[49] A party cannot simply assert a meritless claim for injunctive relief under MCL 15.271 in the hope that one of its other claims will yield some fruit, and then bootstrap its claim for court costs and actual attorney fees on the other relief provided.

In sum, when considering both the plain meaning of the critical phrase in context as well as its placement and purpose in the statutory scheme, MCL 15.271 limits the award of attorney fees to cases in which the public body persists in violating the act, a suit is brought to enjoin such behavior, and that suit is successful in obtaining injunctive relief. Accordingly, we conclude that the phrase "succeeds in obtaining relief in the action" necessarily mandates that the plaintiff succeed in obtaining *injunctive* relief, not just any relief, in order to be entitled to court costs and actual attorney fees under MCL 15.271(4).

---

[49] See *South Haven*, 478 Mich at 529.

17

In so holding, we acknowledge the line of contrary holdings of the Court of Appeals. But, for the reasons explained above, the *Ridenour* court and the cases that followed it impermissibly strayed from the plain language of MCL 15.271(4).[50] There is no allowance in the statute for obtaining the *equivalent* of relief—rather the plaintiff must obtain injunctive relief, as sought in commencing the action.[51] The Court of Appeals has unfortunately perpetuated this error in numerous cases since *Ridenour*.[52] Because these decisions have incorrectly extended the entitlement to court costs and actual attorney fees beyond the scope articulated by the Legislature, we overrule *Ridenour* and its progeny to the extent that those cases allow for the recovery of attorney fees and costs under MCL 15.271(4) when injunctive relief was not obtained, equivalent or otherwise.

## IV. APPLICATION

Plaintiff commenced a civil action against the Board and Planning Commission that sought to enjoin the Planning Commission and the Board from further noncompliance with the OMA under MCL 15.271. However, both the trial court and the Court of Appeals agreed that plaintiff failed to sustain his burden to show that he was

---

[50] As the dissent acknowledges, this Court does not favor legislative acquiescence as a proper interpretive tool to construe statutes. See *McCahan v Brennan*, 492 Mich 730, 749-750; 822 NW2d 747 (2012) ("[S]ound principles of statutory construction require that Michigan courts determine the Legislature's intent from its *words*, not from its silence.") (quotation marks and citation omitted).

[51] To the extent the dissent invokes the federal presumption that a declaratory judgment is the functional equivalent of an injunction, that presumption has not been adopted in this state, nor would it apply in this context given that the Legislature has explicitly provided injunctive relief as an available remedy under the OMA. MCL 15.271.

[52] See footnote 14 of this opinion.

18

entitled to an injunction. As the Court of Appeals explained in its January 2013 opinion, "there was no evidence that the Commission had a history of OMA violations,[53] there was no evidence that this violation was done willfully," and there was no evidence that the public or plaintiff was harmed in any manner.[54] Although the Court of Appeals concluded that plaintiff was nevertheless entitled to declaratory relief for defendants' notice violation, he is not entitled to receive court costs and actual attorney fees because he did not succeed in obtaining injunctive relief in the action, as MCL 15.271(4) requires.

## V. CONCLUSION

We hold that a person cannot recover court costs and actual attorney fees under MCL 15.271(4) unless he or she succeeds in obtaining injunctive relief in the action. Accordingly, we reverse the Court of Appeals opinion and order issued December 19, 2013, and reinstate the portion of the Court of Appeals decision issued January 22, 2013, regarding court costs and actual attorney fees.

David F. Viviano
Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack

---

[53] To the extent that plaintiff claimed that defendants' other OMA violations warranted injunctive relief in this case, the lower courts properly disregarded that claim, as those other OMA violations were unrelated to the alleged notice violation in this case. See *Wilkins v Gagliardi*, 219 Mich App 260, 276; 556 NW2d 171 (1996) (affirming denial of injunction when there had been no similar incidents since the incident complained of and the membership of the committee involved was different).

[54] *Speicher*, unpub op at 2. See *Wilkins*, 219 Mich App at 276 ("Injunctive relief should be granted only when justice requires it, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable harm.").

S T A T E   O F   M I C H I G A N

SUPREME COURT

KENNETH J. SPEICHER,

        Plaintiff-Appellee,

v                                    No. 148617

COLUMBIA TOWNSHIP BOARD OF
TRUSTEES  and COLUMBIA TOWNSHIP
PLANNING COMMISSION,

        Defendants-Appellants.

_____

CAVANAGH, J. (*dissenting*).

Shortly after the enactment of the Open Meetings Act (OMA), MCL 15.261 *et seq*., the Court of Appeals effectively held that declaratory relief granted in lieu of or as the functional equivalent of an injunction supports an award of costs and actual attorney fees under MCL 15.271(4).  See *Ridenour v Dearborn Bd of Ed*, 111 Mich App 798; 314 NW2d 760 (1981).  Over the past 33 years, the Court of Appeals has reiterated that holding in numerous published opinions, solidifying the role of declaratory relief as it relates to costs and attorney fees under MCL 15.271(4).  Despite this long line of precedent, at no time has the Legislature taken steps to amend MCL 15.271(4) in response.  Because I believe that these cases properly interpreted and effectuated the Legislature's intent, I respectfully dissent.

In 1968, the Legislature enacted an open meetings law to consolidate a "patchwork of statutes" that required accountability and openness in governmental

affairs. *Booth v Univ of Mich Bd of Regents*, 444 Mich 211, 221; 507 NW 2d 422 (1993). By rendering the decision-making process of most public bodies open and accessible to the public, the 1968 statute was intended to act as " 'an important check and balance on self-government.' " *Id*. at 223, quoting Osmon, *Sunshine or Shadows: One State's Decision*, 1977 Det C L Rev 613, 617. Specifically, by addressing a longstanding concern regarding the public's access to governmental decision-making,[1] the statute's aim was to " 'serve as both a light and disinfectant in exposing potential abuse and misuse of power.' " *Booth*, 444 Mich at 223, quoting *Sunshine or Shadows*, 1977 Det C L Rev at 617. Although the goals of the 1968 statute were laudable, the statute was flawed: "because the 1968 statute failed to impose an enforcement mechanism and penalties to deter noncompliance, nothing prevented the wholesale evasion of the act's provisions" by public bodies, and the law was often ignored. *Booth*, 444 Mich at 221. See, also, *Sunshine or Shadows*, 1977 Det C L Rev at 619. To remedy this, the statute was "comprehensively revise[d]" in 1976 to provide for enforcement by way of several mechanisms, including actions by private citizens to vindicate, not primarily personal rights, but the rights of the public at large. *Booth*, 444 Mich at 222. One such enforcement provision is MCL 15.271(4), which provides that a successful party is entitled to court costs and actual attorney fees. Specifically, MCL 15.271(4) states:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in

---

[1] See *Sunshine or Shadows*, 1977 Det C L Rev at 617 ("Concern for public access to governmental decision-making is not new. . . . [T]he importance of government being open and accessible was established very early in this country.").

obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.

At issue in this case is whether the statutory phrase "succeeds in obtaining relief in the action" encompasses more than formal injunctive relief. Stated another way, at issue is whether the Court of Appeals has correctly effectuated the Legislature's intent by holding that the absence of formal injunctive relief does not preclude a plaintiff from recovering statutory attorney fees and costs under MCL 15.271(4). Considering the purposes behind the OMA, including the Legislature's conscious choice to enact a citizen enforcement provision aimed at ensuring compliance with the OMA, I cannot conclude that the last 33 years of Court of Appeals precedent was in error.

As previously noted, four years after the effective date of MCL 15.271(4), the *Ridenour* panel effectively held that declaratory relief granted in lieu of or as the functional equivalent of an injunction supports an award of costs and actual attorney fees under the statute. In *Ridenour*, the plaintiff sought to enjoin the defendant from holding a closed meeting. Although the trial court determined that the defendant's proposed conduct would violate the OMA, it determined that injunctive relief was not necessary in light of the defendant's promise that it would comply with the trial court's decision. *Ridenour*, 111 Mich App at 801. Despite the trial court's decision to deny the plaintiff's request for injunctive relief on that basis, it granted the plaintiff's request for costs and attorney fees under MCL 15.271(4), reasoning that the relief that the plaintiff obtained was "the equivalent of an injunction." *Id*. at 801. On appeal, the Court of Appeals affirmed the award of costs and attorney fees explaining, "No matter how it is viewed,

3

plaintiff received the relief he sought.  The [trial court] agreed with plaintiff's position and gave a judgment in his favor." *Id*. at 806.

Subsequent panels of the Court of Appeals have followed *Ridenour,* reasoning that, under MCL 15.271(4), "neither proof of injury nor issuance of an injunction is a prerequisite for the recovery of attorney fees under the OMA"; rather, under the language of MCL 15.271(4), a "plaintiff need only 'succeed in obtaining *relief* in the action,' " and, therefore, declaratory relief, as a form of relief, is necessarily sufficient. *Herald Co, Inc v Tax Tribunal*, 258 Mich App 78, 92; 669 NW2d 862 (2003), quoting MCL 15.271(4) (emphasis added).[2]  Accordingly, for more than three decades, the Court

[2] See, also, *Menominee Co Taxpayers Alliance, Inc v Menominee Co Clerk*, 139 Mich App 814; 362 NW2d 871 (1984) (holding that the absence of a formal injunction does not preclude the plaintiff from recovering costs and attorney fees under MCL 15.271(4)); *Schmiedicke v Clare Sch Bd*, 228 Mich App 259, 267; 577 NW2d 706 (1998) (holding that the "legal remedy of declaratory relief is adequate" to trigger an award of attorney fees and costs under MCL 15.271(4)); *Manning v East Tawas*, 234 Mich App 244, 253-254; 593 NW2d 649 (1999) (expressly rejecting the notion that a failure to either grant injunctive relief or order future compliance with the OMA precludes an award of costs and attorney fees, reasoning that a finding that the OMA was violated constitutes declaratory relief, which is sufficient to entitle the plaintiff to an award of costs and attorney fees under MCL 15.271(4)); *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 525, 535; 609 NW2d 574 (2000) (holding that a declaratory judgment entitles a plaintiff to actual attorney fees and costs under MCL 15.271(4), "despite the fact that the trial court found it unnecessary to grant an injunction given defendants' decision to amend the notice provision after plaintiffs filed the present suit"); *Kitchen v Ferndale City Council*, 253 Mich App 115, 127-128; 654 NW2d 918 (2002) ("Costs and fees are mandatory under the OMA when the plaintiff obtains relief in an action brought under the Act" because "[t]he plain language of [MCL 15.271(4)] simply states that plaintiffs need only 'succeed[] in obtaining relief in the action' in order to recover court costs and attorney fees") (citation omitted); *Morrison v East Lansing*, 255 Mich App 505, 521 n 11; 660 NW2d 395 (2003) (noting that the trial court properly granted the plaintiffs' attorney fees and other costs because, "[w]here a trial court declares that the defendants violated the OMA, but finds it unnecessary to grant injunctive relief, the plaintiffs are entitled to actual attorney fees and costs"); *Craig v Detroit Pub Sch Chief Executive Officer*, 265

4

of Appeals has repeatedly held that declaratory relief granted in lieu of an injunction or that is the functional equivalent of an injunction is sufficient to trigger an award of attorney fees and costs because, in such cases, the plaintiff has "succeeded in obtaining relief in the action," which is all that MCL 15.271(4) requires.

Despite the clear holdings of the Court of Appeals, the Legislature has not amended MCL 15.271(4) or otherwise taken any action to signal its disapproval of *Ridenour* and its progeny, even though the Legislature has made numerous amendments to other provisions of the OMA. I continue to find relevant the well-established presumption that the Legislature is aware of statutory interpretations by this Court and the Court of Appeals. See *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 439-440; 716 NW2d 247 (2006); *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 505-506; 475 NW2d 704 (1991).[3] Consequently, in my view, the Legislature's silence on this topic since 1981 is a strong indication that the Court of Appeals has properly effectuated the Legislature's intent, in accordance with that primary goal of statutory interpretation. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999); *Craig v Larson*, 432 Mich 346, 353; 439 NW2d 899 (1989). While the Legislature may not be required to "cumbersomely repeat language that is sufficiently incorporated into a statute," *Robinson v Lansing*, 486 Mich 1, 16-17; 782 NW2d 171 (2010), the Legislature

Mich App 572, 580; 697 NW2d 529 (2005) (stating that "[t]he imposition of attorney fees is mandatory upon a finding of a violation of the OMA").

[3] See, also, *Autio v Proksch Constr Co*, 377 Mich 517, 546; 141 NW2d 81 (1966) (BLACK, J., dissenting) (noting the "constantly employed axiom" that "the legislature enacts with the Court's interpretational decisions in one hand as it writes and votes with the other").

5

also unquestionably has the ability to correct judicial interpretations that it believes are contrary to its intent. The fact that the Legislature has long acquiesced to *Ridenour* and its progeny, despite numerous intervening amendments to the OMA, is, in my opinion, compelling.[4]

Indeed, the interpretation of the statutory language in *Ridenour* and its progeny is consistent with the purpose of MCL 15.271(4) and the history of the OMA, both of which are relevant considerations in discerning the Legislature's intent. *In re Certified Question*, 433 Mich 710, 722; 449 NW2d 660 (1989); *Booth*, 444 Mich at 223-224. To begin, it is entirely reasonable to presume that public bodies will adhere to the law as declared by a court. Cf. *Straus v Governor*, 459 Mich 526, 532; 592 NW2d 53 (1999) (noting that declaratory relief is generally sufficient to induce the legislative and executive branches to comply with the law); *Florida v US Dep't of Health & Human Servs*, 780 F Supp 2d 1307, 1314, 1316 (ND Fla, 2011) (noting the longstanding presumption that federal officials will follow the law as declared by a court). In fact, a judgment for declaratory relief constitutes a binding and conclusive adjudication of the rights and status of the litigants. *Black's Law Dictionary* (6th ed). Thus, a declaratory judgment has the force and effect of a final judgment. MCR 2.605(E). It is a "real judgment, not just a bit of friendly advice," and, as one court has noted, those who try to

---

[4] While some members of this Court undoubtedly disagree with the doctrine of legislative acquiescence, I continue to believe that the doctrine, which has a deep-rooted history in Michigan, remains a valid interpretive aid. See *McCahan v Brennan*, 492 Mich 730, 757 n 22; 822 NW2d 747 (2012) (MARILYN KELLY, J., dissenting); *Karaczewski v Farbman Stein & Co*, 478 Mich 28, 53-54; 732 NW2d 56 (2007) (MARILYN KELLY, J., dissenting).

6

evade it will likely "come to regret it." *US Dep't of Health & Human Servs*, 780 F Supp 2d at 1316, quoting *Badger Catholic, Inc v Walsh*, 620 F3d 775, 782 (CA 7, 2010).[5] "If it were otherwise, a . . . declaratory judgment would serve no useful purpose as a final determination of rights." *Id*. (quotation marks omitted). See, also, MCR 2.605(F) ("Further necessary or proper relief based on a declaratory judgment may be granted . . . ."). Consequently, in the context of public bodies, a judgment for declaratory relief is the "functional equivalent of an injunction." *US Dep't of Health & Human Servs*, 780 F Supp 2d at 1314 (citations and quotation marks omitted).[6] As a final order, a declaratory judgment acts to restrain public bodies from further noncompliance with the OMA, consistent with the overall purpose of MCL 15.271. Accordingly, as *Ridenour* explained, although a plaintiff might not receive relief in the *form* of an injunction, the receipt of a declaratory judgment upon the finding of an OMA violation is the functional equivalent of one. *Ridenour*, 111 Mich App at 806. Although that might not be the case in a context other than the OMA, considering the purpose of MCL 15.271 and the OMA

---

[5] Indeed, the evasion of a court's judgment might trigger other enforcement provisions of the OMA, further supporting the conclusion that declaratory relief, in the context of the OMA, acts to restrain noncompliance with the OMA. See MCL 15.272(1) ("A public official who intentionally violates this act is guilty of a misdemeanor punishable by a fine of not more than $1,000.00."); MCL 15.273(1) ("A public official who intentionally violates this act shall be personally liable in a civil action for actual and exemplary damages of not more than $ 500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action.").

[6] See, also, *id*. at 1316 (referring to a declaratory judgment against governmental officials as a "de facto injunction"); *California v Grace Brethren Church*, 457 US 393, 408; 102 S Ct 2498; 73 L Ed 2d 93 (1982) ("[T]here is little practical difference between injunctive and declaratory relief . . . .").

7

generally, I believe that *Ridenour* and its progeny clearly effectuated the intent of the Legislature by concluding that obtaining a judgment for declaratory relief is "succeed[ing] in obtaining relief in the action." See MCL 15.271(4).

In contrast to *Ridenour* and its progeny, the majority's interpretation undermines the OMA's enforcement provision and the purpose of the OMA, generally. In addition to mandating formal injunctive relief before costs and attorney fees can be awarded, the majority now clarifies that an "ongoing violation" is also a prerequisite to obtaining costs and attorney fees under the OMA. Consequently, the majority opinion effectively gives a public body at least one free pass at violating the OMA because, without more, the public body's violation of the OMA, no matter how substantial, is presumably not "ongoing."[7] I do not believe that the majority's apparent interpretation is what the Legislature intended when it adopted legislation aimed at promoting a "new era" of governmental

---

[7] The majority does not elaborate on the meaning of "ongoing violation." However, to the extent that the majority opinion could be read to suggest that a plaintiff cannot bring suit under MCL 15.271 if the OMA violation is already complete at the time suit is filed, that result is inconsistent with decades of precedent. See *Wexford Co Prosecutor v Pranger*, 83 Mich App 197, 204; 268 NW2d 344 (1978) ("Insofar as the declaratory judgment finds the closed session of May 9, 1977, in violation of the open meetings statute, we affirm"); *Nicholas*, 239 Mich App at 535 ("Here, the trial court declared that defendants violated the OMA. This constitutes declaratory relief, thus entitling plaintiffs to actual attorney fees and costs despite the fact that the trial court found it unnecessary to grant an injunction given defendants' decision to amend the notice provision after plaintiffs filed the present suit"). Such a conclusion would also preclude most OMA actions that are brought under MCL 15.271(4) to challenge the alleged erroneous procedures used by a public body. Notably, those actions ultimately assist in bringing clarity to the OMA's requirements, thereby reducing future violations and furthering the OMA's purpose. I imagine that most citizens will not have time to run to the doors of a courthouse the moment a public body makes an erroneous decision to conduct its meeting in secret or in violation of the OMA's notice requirements. But, under the majority's apparent interpretation, this may now be required.

8

accountability and public access to governmental decision-making. *Booth*, 444 Mich at 222-223.

Further, under the majority's interpretation of MCL 15.271(4), even if a lawsuit may be brought to enforce the interests of the public at large, there is no incentive for the public body not to contest the plaintiff's interpretation of the statutory provisions through vigorous litigation. After all, upon the trial court's adverse ruling, the public body need only concede defeat to preclude injunctive relief. See *Wexford Co Prosecutor v Pranger*, 83 Mich App 197, 205; 268 NW2d 344 (1978) (affirming declaratory relief based on a violation of the OMA, but vacating an injunction, reasoning that there was no "*real* and *imminent danger* of irreparable injury" when the defendants acted in good faith); *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 525, 534; 609 NW2d 574 (2000) ("Where there is no reason to believe that a public body will deliberately fail to comply with the OMA in the future, injunctive relief is unwarranted."). Under the majority's interpretation, such a concession will preclude an award to the plaintiff for his or her costs of pursuing the litigation even though, as previously explained, a grant of declaratory relief is generally sufficient to make the violation known to the public body and restrain it from further violating the OMA, which is consistent with the purpose of MCL 15.271(4) and the purpose of the OMA generally.

Of particular importance is that, in enacting MCL 15.271(4), the Legislature granted individual citizens the right to pursue remedies for OMA violations rather than rely solely on the Attorney General or county prosecutors. By doing so, the Legislature seems to have implicitly recognized that there would be times when members of the executive branch could not, or would not, act and that, in those instances, the overriding

9

concern for governmental accountability mandates the availability of causes of action brought by private citizens. In light of the Legislature's choice to allow private citizen suits to pursue remedies for procedural OMA violations,[8] which vindicate the rights of the public at large, I cannot conclude that the Legislature intended to limit this right to the small portion of the population that is capable of pursuing such actions at their own personal expense. See *Nemeth v Abonmarche Dev, Inc*, 457 Mich 16, 47; 576 NW2d 641 (1998) (CAVANAGH, J., concurring in part and dissenting in part). The result of the majority's decision is that the ability of private citizens to bring OMA complaints will, in all likelihood, be severely curtailed. To penalize private citizens and, consequently, the public at large, simply because relief comes in the form of a declaratory judgment, rather than injunctive relief, elevates form over substance when, as explained earlier, there is little practical difference between the two forms of relief in this context. Consequently, I do not believe that the Legislature intended the majority's interpretation of MCL 15.271(4), which undermines the OMA's purpose.

In this case, plaintiff requested both injunctive and declaratory relief and was ultimately awarded the latter. Because declaratory relief is sufficient to trigger attorney fees and costs under MCL 15.271(4), I would hold that plaintiff is entitled to costs and attorney fees, consistent with *Ridenour* and its progeny.

---

[8] Compare MCL 15.270 (permitting a private citizen to seek the invalidation of a public body's decision upon a violation of the OMA) with MCL 15.271 (generally permitting private citizens to seek compliance with the procedural requirements of the OMA, rather than the invalidation of a public body's decision).

In light of the language, history, and purpose of the act, I cannot agree with the majority's decision to cast aside 33 years of precedent and erroneously write into the OMA a requirement that the Legislature did not intend—i.e., that a party must obtain formal *injunctive* relief as a prerequisite to an award of costs and attorney fees under MCL 15.271(4). Because I believe that more than three decades of precedent properly interpreted and effectuated the Legislature's intent, I respectfully dissent.

Michael F. Cavanagh