# STATE OF MICHIGAN

# COURT OF APPEALS

CITIZENS FOR A BETTER ALGONAC
COMMUNITY SCHOOLS and HEIDI
CAMPBELL,

Plaintiffs-Appellants/Cross-
Appellees,

v

ALGONAC COMMUNITY SCHOOLS,

Defendant-Appellee/Cross-
Appellant.

FOR PUBLICATION
September 8, 2016

No. 326583
St. Clair Circuit Court
LC No. 14-001371-CZ

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

O'CONNELL, J. (*concurring in part and dissenting in part*).

Plaintiffs, Citizens for a Better Algonac Community Schools and Heidi Campbell, appeal as of right the trial court's order declaring that defendant, Algonac Community Schools, violated the Open Meetings Act (OMA), MCL 15.261 *et seq*, but denying injunctive relief and attorney fees. I respectfully dissent from the majority's conclusion that the trial court may not grant declaratory relief under the OMA. In all other respects, I concur in the majority's opinion. Because I conclude that the trial court may grant declaratory relief under the OMA, I would affirm.

The majority ably states the factual background of this case and the legal background of the OMA. I agree with the majority that *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125; 860 NW2d 51 (2014), should be given retroactive effect, and that plaintiffs were not entitled to injunctive relief in this case. Where my analysis diverges is whether *Speicher* prohibits the trial court from granting declaratory relief.

While a party is only entitled to attorney fees and costs under MCL 15.271(4), MCL 15.271(1) provides that a party "may commence a civil action to compel compliance *or* to enjoin further noncompliance with this act." (Emphasis added). The disjunctive word "or" indicates that enjoining future compliance is only one possible form of relief. See *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 148; 783 NW2d 133 (2010). The *Speicher* Court considered a similar circumstance. In that case, the plaintiff obtained declaratory relief under the Open Meetings Act. *Speicher*, 497 Mich at 128. The Michigan Supreme Court did not reverse

the trial court for granting declaratory relief: it merely refused to allow attorney fees and costs unless the plaintiff attained injunctive relief. *Id*. at 144.[1]  I would conclude that the trial court validly granted the Citizens declaratory relief, but that they were not entitled to attorney fees because they did not obtain injunctive relief.

I would affirm.

/s/ Peter D. O'Connell

---

[1] Specifically, our Supreme Court stated, "[a]lthough the Court of Appeals concluded that the plaintiff was nevertheless entitled to declaratory relief for defendants' notice violation, he is not entitled to receive court costs and actual attorney fees because he did not succeed in obtaining injunctive relief in the action, as MCL 15.271(4) requires." *Speicher*, 497 Mich at 144.