O’Connell, J.
(concurring in part and dissenting in part). Plaintiffs, Citizens for a Better Algonac Community Schools and Heidi Campbell, appeal as of right the trial court’s order declaring that defendant, Algonac Community Schools, violated the Open Meetings Act (OMA), MCL 15.261 et seq., but denying injunctive relief and attorney fees. I respectfully dissent from the majority’s conclusion that the trial court may not grant declaratory relief under the OMA. In all other respects, I concur in the majority’s opinion. Because I conclude that the trial court may grant declaratory relief under the OMA, I would affirm.
The majority ably states the factual background of this case and the legal background of the OMA. I agree with the majority that Speicher v Columbia Twp Bd of Trustees, 497 Mich 125; 860 NW2d 51 (2014), should be given retroactive effect and that plaintiffs were not entitled to injunctive relief in this case. Where my analysis diverges is whether Speicher prohibits the trial court from granting declaratory relief.
While a party is only entitled to attorney fees and costs under MCL 15.271(4), MCL 15.271(1) provides that a party “may commence a civil action to compel compliance or to enjoin further noncompliance with this act.” (Emphasis added.) The disjunctive word “or” indicates that enjoining future compliance is only one possible form of relief. See Paris Meadows, LLC v City of Kentwood, 287 Mich App 136, 148; 783 NW2d 133 (2010). The Speicher Court considered a similar circumstance. In that case, the plaintiff obtained declara *188 tory relief under the OMA. Speicher, 497 Mich at 128. The Michigan Supreme Court did not reverse the trial court for granting declaratory relief; it merely refused to allow attorney fees and costs unless the plaintiff attained injunctive relief. Id. at 144.[1]1 would conclude that the trial court validly granted plaintiffs declaratory relief but that plaintiffs were not entitled to attorney fees because they did not obtain injunctive relief.
I would affirm.

 Specifically, our Supreme Court stated, “Although the Court of Appeals concluded that [the] plaintiff was nevertheless entitled to declaratory relief for defendants’ notice violation, he is not entitled to receive court costs and actual attorney fees because he did not succeed in obtaining injunctive relief in the action, as MCL 15.271(4) requires.” Speicher, 497 Mich at 144.