# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH J. SPEICHER,

Plaintiff-Appellee,

v

COLUMBIA TOWNSHIP BOARD OF
ELECTION COMMISSIONERS,

Defendant-Appellant.

UNPUBLISHED
November 8, 2016

No. 328609
Van Buren Circuit Court
LC No. 10-600345-CZ

KENNETH J. SPEICHER,

Plaintiff-Appellee,

v

COLUMBIA TOWNSHIP BOARD OF
ELECTION COMMISSIONERS, DANIELLE
NUISMER, LARRY BURGETT, and STACEY
CORKE,

Defendants-Appellants.

No. 328611
Van Buren Circuit Court
LC No. 12-610702-CK

Before: SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

In Docket No. 328609, defendant Columbia Township Board of Election Commissioners (the "Board") appeals by right the trial court's July 21, 2015 order granting plaintiff Kenneth J. Speicher's motion for fees and costs under MCL 15.271(4). In Docket No. 328611, defendants appeal by right the trial court's July 21, 2015 order granting plaintiff's motion for fees and costs under MCL 15.271(4). We vacate both orders and remand for further proceedings.

The facts in these cases are not in dispute. In Docket No. 328609, plaintiff sued the Board on October 20, 2010, alleging that the Board committed various violations of the Open Meetings Act ("OMA"), MCL 15.261 *et seq.* Plaintiff requested declaratory and injunctive relief and attorney fees. The trial court granted plaintiff's motion for summary disposition, but denied

-1-

his request for injunctive relief. The trial court granted plaintiff attorney fees under MCL 15.271(4), but did not grant plaintiff the entire amount of attorney fees that plaintiff claimed he was owed. Plaintiff appealed, and this Court vacated the trial court's award and remanded for the trial court to determine whether plaintiff's claim for attorney fees was clearly excessive. *Speicher v Columbia Twp Bd of Election Comm'rs*, 299 Mich App 86, 89, 96; 832 NW2d 392 (2012). On remand, plaintiff sought an award for attorney fees incurred before the trial court and on appeal. On December 22, 2014, our Supreme Court issued *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 144; 860 NW2d 51 (2014), which held that "a person cannot recover court costs and actual attorney fees under MCL 15.271(4) unless he or she succeeds in obtaining injunctive relief in the action." The Board argued that pursuant to *Board of Trustees*, plaintiff was not entitled to attorney fees under the OMA because he did not obtain injunctive relief. Plaintiff conceded that under the holding of *Board of Trustees*, he was not entitled to attorney fees. He argued, however, that *Board of Trustees* should not apply retroactively to bar his motion for attorney fees because it overruled precedent that had been in effect for more than 30 years which held that a plaintiff could obtain attorney fees under MCL 15.271(4) so long as the plaintiff obtained any form of relief. The trial court agreed with plaintiff that *Board of Trustees* applied prospectively only and awarded plaintiff attorney fees.

In Docket No. 328611, plaintiff sued the Board, Nuismer, Burgett, and Corke on January 4, 2012. The three individual defendants were election commissioners. Plaintiff alleged that defendants engaged in various violations of the OMA during meetings in October 2011. The trial court granted defendants' motion for summary disposition. On appeal, this Court affirmed the trial court's grant of summary disposition with regard to Nuismer, Burgett, and Corke, but reversed in part with regard to the Board and remanded for entry of an order granting plaintiff summary disposition with regard to the Board. *Speicher v Columbia Twp Bd of Election Comm'rs*, unpublished opinion per curiam of the Court of Appeals, issued April 29, 2014 (Docket No. 312209). On remand, the trial court granted plaintiff summary disposition in accord with this Court's order. The trial court granted plaintiff declaratory relief only. Plaintiff moved the trial court for attorney fees, including for those incurred on appeal. Defendants argued that pursuant to the holding in *Board of Trustees*, plaintiff was not entitled to attorney fees because he was not awarded injunctive relief. Plaintiff argued that *Board of Trustees* should not apply retroactively. The trial court agreed with plaintiff and granted his motion for attorney fees. Defendants appeal the trial court's orders granting plaintiff attorney fees.

"Whether a judicial decision should be limited to prospective application is a question of law that we review de novo." *Adams v Dep't of Transp*, 253 Mich App 431, 434-435; 655 NW2d 625 (2002). "Michigan follows the 'American rule' with respect to the payment of attorney fees and costs. Under the American rule, attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Haliw v Sterling Heights*, 471 Mich 700, 706-707; 691 NW2d 753 (2005) (citation omitted). The OMA expressly authorizes an award of attorney fees under MCL 15.271(4), which states as follows:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.

Until *Board of Trustees* was issued in 2014, this Court interpreted MCL 15.271(4) as allowing a plaintiff to obtain an award of attorney fees even where injunctive relief was not granted. See *Speicher v Columbia Twp Bd of Trustees (On Reconsideration)*, 303 Mich App 475, 479-480; 843 NW2d 770 (2013), rev'd by *Bd of Trustees*, 497 Mich at 144-145. However, *Board of Trustees* held that contrary to prior decisions of this Court, the plain language of MCL 15.271(4) provides that "court costs and actual attorney fees under MCL 15.271 may only be awarded when a plaintiff *seeks and obtains* injunctive relief." *Bd of Trustees*, 497 Mich at 134.

In this case, although plaintiff sought injunctive relief in both lower court cases, he was granted only declaratory relief. Therefore, in accordance with the plain language of MCL 15.271(4), plaintiff is not entitled to attorney fees or court costs. *Bd of Trustees*, 497 Mich at 143-144. Plaintiff's argument that *Board of Trustees* should apply prospectively only is without merit. This Court has already explicitly held that *Board of Trustees* applies retroactively. *Citizens for a Better Algonac Community Schs v Algonac Community Schs*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 326583, issued September 8, 2016); slip op at 6-7. The trial court erred in holding otherwise and in awarding plaintiff attorney fees under the OMA. *Id.*

We vacate the trial court's orders in Docket Nos. 328609 and 328611 granting plaintiff's motions for attorney fees and costs under MCL 15.271(4) and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

-3-