# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH J. SPEICHER,

Plaintiff-Appellant,

v

COLUMBIA TOWNSHIP BOARD OF TRUSTEES,

Defendant-Appellee.

UNPUBLISHED
July 21, 2015

No. 313158
Van Buren Circuit Court
LC No. 11-600562-CZ

Before: SHAPIRO, P.J., and MARKEY and STEPHENS, JJ.

PER CURIAM.

## ON REMAND

Plaintiff appeals by right two trial court orders arising from his underlying claim that defendant Columbia Township Board of Trustees (Board) violated the Open Meetings Act (OMA), MCL 15.261 *et seq.* In our previous opinion, we affirmed the trial court's denial of plaintiff's request to invalidate the Board's hiring of the township fire chief but reversed its denial of plaintiff's motion for costs and attorney fees. *Speicher v Columbia Twp Bd of Trustees*, unpublished opinion per curiam of the Court of Appeals, issued February 25, 2014 (Docket No. 313158). The Supreme Court vacated our opinion and remanded for us to reconsider our attorney fee holding in light of its opinion in *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125; 860 NW2d 51 (2014). *Speicher v Columbia Twp Bd of Trustees*, ___ Mich ___; 859 NW2d 687 (2015) (Docket No. 148999). We again affirm the trial court's denial of the invalidation of the hiring, and again reverse and remand with respect to plaintiff's motion for costs and actual attorney fees.

## I. FACTS

The facts as described in our previous opinion have not changed and are quoted as follows:

> In 2010, Columbia Township's fire chief vacated office. In October 2010, to facilitate the hiring of a new chief, the Board appointed a Fire Chief Review Committee, comprised of fire chiefs from other jurisdictions and two members of the Board. The Committee's purpose was to interview candidates for fire chief. Plaintiff was one of those candidates. The Committee interviewed candidates in a

-1-

meeting closed to the public. After the closed interviews, the Board held three meetings, open to the public, regarding the hiring of the new chief. After those open meetings, the Board selected a person other than plaintiff as the new fire chief.

Plaintiff sued the Board, alleging that the hiring process violated the OMA, and moved for summary disposition. The trial court ruled that the Board violated the OMA and enjoined it from committing further violations. These rulings are not challenged on appeal. However, the court refused plaintiff's request to invalidate the Board's appointment of the new chief, and refused his request for court costs and actual attorney fees. [*Speicher*, unpub op at 1.]

## II. INVALIDATION OF THE HIRING

Nothing in the Supreme Court's remand order indicates that we must reconsider our affirmance of the trial court's refusal to invalidate the Board's hiring of the new chief. See *Speicher*, 859 NW2d at 687. Accordingly, we reiterate our previous analysis:

Plaintiff first argues that the trial court erred by refusing to invalidate the Board's appointment of the new chief. We review a trial court's decision whether to invalidate a decision made in violation of the OMA for an abuse of discretion. *Morrison v East Lansing*, 255 Mich App 505, 520; 660 NW2d 395 (2003). MCL 15.270(2) provides that:

[a] decision made by a public body may be invalidated if the public body has not complied with the requirements of [MCL 15.263(1), (2), and (3)] in making the decision or if failure to give notice in accordance with [MCL 15.265] has interfered with substantial compliance with [MCL 15.263(1), (2), and (3)] and the court finds that the noncompliance or failure has impaired the rights of the public under this act.

Therefore, "[a] court has discretion to invalidate a decision made in violation of the OMA if it finds that violation impaired the rights of the public under the OMA." *Morrison*, 255 Mich App at 520.

The trial court ruled that the Board's noncompliance with the OMA had not "impaired the rights of the public." Plaintiff asserts that this ruling was erroneous, relying on *Menominee Co Taxpayers Alliance, Inc v Menominee Co Clerk*, 139 Mich App 814; 362 NW2d 871 (1984). In that case,

[t]he Menominee County Treasurer resigned from that office effective as of November 7, 1983. Pursuant to [MCL 168.209,] defendants, the Menominee County Clerk, Prosecutor, and Probate Judge, came together to appoint a suitable person to replace the former Menominee County Treasurer. Defendants met on a single occasion to discuss the qualifications required for the Menominee County Treasurer. At this gathering, various individuals were

-2-

discussed concerning their suitability for the treasurer position. In the context of discussion of various individuals' suitability, potential conflicts of interest were discussed with regard to various potential appointees. No notice of any public meeting was posted before defendants came together to discuss and make their appointment. The discussion was held in private and was not open to the public. As a result of that discussion, defendant Krause, County Clerk, was empowered by defendants Jurmu, Prosecutor, and Rolfs, Probate Judge, to contact Bernard Lang, an individual residing in the county. Defendants unanimously appointed Lang the Treasurer of Menominee County. [*Id*. at 816-817.]

The *Menominee* Court concluded that "[t]he denial of a public hearing in itself impaired the rights of the public. We find that, at the time the committee selected the treasurer, plaintiffs were denied their right to present their views." *Id*. at 820.

Plaintiff relies on the *Menominee* Court's statement that "[t]he denial of a public hearing in itself impaired the rights of the public" in arguing that the exclusion of the public from the Committee's interview meeting impaired the public's rights. However, plaintiff ignores the *Menominee* Court's rationale that the plaintiffs were "denied their right to present their views" because the *only* meeting held by the public body was closed. Therefore, *Menominee* is distinguishable from this case because the Board held three open meetings after it held the closed interview meeting.

Moreover, we find the trial court's reliance on *Morrison* persuasive. In that case, we considered whether East Lansing's inclusion of a parking lot on the site of a community center should be invalidated under the OMA:

the [Hannah Building Committee (HBC)] failed to provide notice of the vast majority of its meetings and although the steering committee failed to provide notice of all its meetings, the public was not completely excluded from the process. The public was invited to speak at three HBC meetings, two planning-commission hearings, a work-session meeting of the city council, and the March 21, 2000, public hearing held by the city council. Plaintiffs and other members of the public expressed their concerns regarding the site plan on all those occasions, and each decision-making body heard their concerns. At the March 21, 2000, city-council meeting, which continued into the early morning hours, members of the public, including many of the plaintiffs, and council members discussed the proposed plan, including parking issues, at length before the council approved the plan. [225 Mich App at 521.]

The *Morrison* Court concluded that, "[u]nder these circumstances, plaintiffs had a reasonable opportunity to learn about the community-center site plans and to

voice their concerns and opposition. Therefore, we cannot say that the trial court abused its discretion in refusing to invalidate the plan of development and in failing to grant injunctive relief." *Id*.

Plaintiff argues that *Morrison* is distinguishable because "[t]he *Morrison* court made it clear that the public had plenty of input with respect to" the parking and traffic issues. However, in *Morrison*, the public was invited to three HBC meetings, two planning-commission hearings, a work-session meeting of the city council, and a public hearing held by the city council. *Id*. The public was excluded from at least 16 HBC meetings and 19 "steering committee" meetings. *Id*. at 508-511. Nonetheless, this Court ruled that, even though the public was excluded from a vast majority of the relevant meetings, the seven open meetings provided "a reasonable opportunity to learn about the community-center site plans and to voice their concerns and opposition." *Id*. at 521. In this case, the public was excluded from only one meeting – the closed interview – but was invited to the three subsequent meetings regarding the hiring of the new chief. Thus, in this case, the public had even more opportunity to voice their concerns than did the public in *Morrison*, where this Court declined to reverse the trial court's denial of the plaintiffs' request to invalidate the public body's action.

Alternatively, plaintiff argues that he was entitled to a trial on the issue of whether the public's rights had been impaired. Specifically, plaintiff argues that the trial court "needed to examine the qualifications of all of the fire chief candidates and hear testimony of Township residents regarding the public interest in knowing the qualifications of the rejected candidates to reach a reasoned decision regarding impairment of the public rights." However, a trial court's determination of whether the public's rights were impaired is not based on the relative merit of a public body's decision, but on the public's opportunity to participate in the public body's decision-making process. *Id*. Testimony about the qualifications of the candidates and the importance of the position would not have furthered the purpose of the OMA, because that testimony would have been irrelevant to establish whether the public had access to and a means to obtain information about the qualifications of the candidates and the importance of the position. Moreover, the trial court possessed the discretion to determine, under the undisputed facts, whether the violation in this case impaired the rights of the public under the OMA. *Id*. at 520-521.

Accordingly, because the trial court properly found that the rights of the public were not impaired, it did not abuse its discretion by refusing to invalidate the Board's appointment of the new fire chief. [*Spiecher*, unpub op at 2-4.]

### III. COURTS COSTS AND ATTORNEY FEES

Plaintiff next argues that he was entitled to court costs and attorney fees under MCL 15.271(4). We review a trial court's denial of a motion for costs and attorney fees for an abuse of discretion. *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). MCL 15.271(4) provides:

[i]f a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.

In *Speicher*, 497 Mich at 128, our Supreme Court considered whether the plaintiff "was entitled to an award of court costs and actual attorney fees based on his entitlement to *declaratory* relief under the OMA." (Emphasis added). Finding that prior decisions of this Court had "strayed from the plain language of MCL 15.271(4)[,]" the Supreme Court held that, to obtain such an award under the statute, a plaintiff must obtain "injunctive relief." *Id*.

In *Speicher*, the defendant Board changed its monthly scheduled meetings, held in conjunction with those of its Planning Commission, to quarterly scheduled meetings. *Id*. at 128-129. The plaintiff brought suit under the OMA, "alleging that the decision to change the schedule was not made at an open meeting and that the February and March meetings were canceled without proper notice in violation of the OMA." *Id*. at 129. The plaintiff sought (1) a declaration that the decision to cancel the regularly scheduled meetings violated the OMA, (2) an injunction forbidding the Board and Planning Commission from further noncompliance with the OMA, and (3) if he was successful, court costs and actual attorney fees. *Id*. at 129-130.

The trial court granted summary disposition in full to the defendants. *Id*. at 130. The plaintiff appealed to this Court, which affirmed in part and reversed in part:[1]

> The Court of Appeals concluded that while the meeting schedule change was properly made at an open meeting, defendants plainly violated the OMA by not timely posting the modified schedule. It therefore held that the trial court erred by failing to grant declaratory relief to plaintiff on that point. However, the Court of Appeals also held that the trial court properly denied injunctive relief for defendants' technical notice violation because "there was no evidence that the Commission had a history of OMA violations, there was no evidence that this violation was done willfully," and there was no evidence that the public or plaintiff was harmed in any manner. The Court of Appeals therefore ruled that "given that the technical nature of this OMA violation resulted in no injunctive relief being warranted, plaintiff is not entitled to any attorney fees or costs under MCL 15.271(4) on remand." [*Id*. at 131 (citations omitted).]

The plaintiff moved for reconsideration, which this Court granted, vacating the portion of its opinion regarding attorney fees. *Id*.; see *Speicher v Columbia Twp Bd of Trustees*, 303 Mich App 475; 843 NW2d 770 (2013). This Court, bound by its previous decisions, held that the plaintiff was entitled to attorney fees under MCL 15.271(4) because he had established that he was entitled to declaratory relief. *Speicher*, 497 Mich at 132. This Court opined that it only reached its decision because it was bound by precedent and, if not so constrained, would hold

---

[1] See *Speicher v Columbia Twp Bd of Trustees*, unpublished opinion per curiam of the Court of Appeals, issued January 22, 2013 (Docket No. 306684).

that a plaintiff may only obtain attorney fees under the statute if he obtains injunctive relief. *Id*. at 132-133. The defendants applied for leave to the Supreme Court. *Id*. at 133.

The Supreme Court, considering the meaning of "succeeds in obtaining relief in the action," concluded that "court costs and actual attorney fees under MCL 15.271 may only be awarded when a plaintiff *seeks and obtains* injunctive relief." *Id*. at 134 (emphasis in original). In other words, the Supreme Court rejected previous decisions of this Court, which held that a plaintiff was entitled to attorney fees if he obtained *any* relief, i.e., declaratory relief was sufficient to obtain such an award. *Id*. at 143. Although reiterated numerous times throughout its opinion, the Supreme Court perhaps most articulately stated its holding as follows:

> Our conclusion is reinforced by viewing MCL 15.271 as a whole. The statute allows a person to seek injunctive relief to compel compliance or to enjoin further noncompliance with the OMA. The statute then provides the proper venue in which to commence an action for injunctive relief. And final, the statute allows for a person to recover court costs and actual attorney fees for an action against the public body for injunctive relief if a person "succeeds in obtaining relief in the action." Thus, as a whole, MCL 15.271 only speaks in terms of an injunctive relief and contemplates no other form of relief. [*Id*. at 141-142 (footnotes omitted).]

In the present case, unlike in *Speicher*, plaintiff sought and obtained the injunctive relief described above by the Supreme Court. In *Speicher*, the plaintiff sought a declaration that a public body had violated the OMA, as well as an injunction against the body for further noncompliance with the OMA. *Id*. at 129-130. The plaintiff eventually obtained the former, but not the latter, and the Supreme Court held that such success was insufficient to entitle the plaintiff to court costs and attorney fees under MCL 15.271(4). *Id*. at 131, 144-145. By contrast, in the present case, plaintiff sought, and obtained, both a declaration that the Board violated the OMA and an order enjoining the Board from further noncompliance with the OMA. Thus, under *Speicher*, *id*. at 134, plaintiff sought and obtained injunctive relief, which entitles him to court costs and attorney fees under MCL 15.271(4).

Accordingly, we reverse the trial court's denial of plaintiff's request for court costs and attorney fees and remand for calculation of such an award. We affirm the trial court's denial of plaintiff's request to invalidate the hiring. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Jane E. Markey
/s/ Cynthia Diane Stephens

-6-