# STATE OF MICHIGAN

# COURT OF APPEALS

CITIZENS FOR A BETTER ALGONAC
COMMUNITY SCHOOLS and HEIDI
CAMPBELL,

           Plaintiffs-Appellants/Cross-
           Appellees,

v

ALGONAC COMMUNITY SCHOOLS,

           Defendant-Appellee/Cross-
           Appellant.

FOR PUBLICATION
September 8, 2016
9:00 a.m.

No. 326583
St. Clair Circuit Court
LC No. 14-001371-CZ

Before: WILDER, P.J., and MURPHY and O'CONNELL, JJ.

MURPHY, J.

This case concerns the Open Meetings Act (OMA), MCL 15.261 *et seq*., and our Supreme Court's construction of the OMA in *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125; 860 NW2d 51 (2014). For the reasons set forth below, we vacate the trial court's judgment granting declaratory relief in favor of plaintiffs and remand for entry of an order summarily dismissing plaintiffs' OMA action, thereby precluding any award of court costs and attorney fees to plaintiffs.

In early 2014, the Algonac Board of Education (the board), working on behalf of defendant, engaged in the process of searching for and hiring a new school superintendent for defendant. On April 1, 2014, at a special meeting of the board, there was a unanimous vote to offer the superintendent position to the superintendent of a neighboring school district and to, according to minutes of the meeting, "begin contract development as soon as possible." The board did not discuss or vote on the substance of any contract at the April 1 meeting. Over the next few weeks, the board president and members exchanged a series of emails regarding contract negotiations and drafts of proposed contracts relative to the new superintendent's employment, working out contractual details and settling on a final contract. At a regular meeting of the board conducted on April 28, 2014, the board unanimously, swiftly, and without discussion, approved the terms and conditions of the employment contract for the new superintendent.

In May 2014, plaintiffs filed suit, alleging that the board's email communications with respect to the superintendent's contract constituted deliberations of a public body that were

-1-

required by the OMA to take place at a meeting open to the public. Plaintiffs alleged that defendant violated the OMA by failing to conduct the contract discussions in an open meeting. In their prayer for relief, plaintiffs sought a declaratory judgment finding a violation of the OMA, an order compelling compliance with the OMA and enjoining any further noncompliance, an award of attorney fees and costs, and any other relief deemed just and equitable. Defendant denied any violation of the OMA in regard to the emails concerning the superintendent's contract. The parties filed competing motions for summary disposition. In a written opinion, the trial court ruled that the board, through employment of the emails, had "violated the [OMA] by conducting deliberations for the new school superintendent outside of a public meeting as required." The court, however, declined to grant any injunctive relief to plaintiffs, finding that plaintiffs had failed to show that the practice of using emails had occurred in the past, continued at the present time, or would persist in the future. Because the trial court denied plaintiffs' request for injunctive relief, it also refused to award plaintiffs attorney fees and court costs, despite the conclusion that defendant had violated the OMA. In a final judgment, the court declared that defendant had violated the OMA "when it failed to undertake public deliberations concerning contract negotiations for a newly selected school superintendent[.]" The judgment also provided that plaintiffs' requests for injunctive relief, attorney fees, and court costs were denied for the reasons set forth in its earlier written opinion. Subsequently, the trial court denied plaintiffs' motion for reconsideration.

On appeal, plaintiffs argue that the trial court erred in failing to enjoin defendant's "secret practices of illegal email communications" and in failing to award attorney fees and costs to plaintiffs. In a cross-appeal, defendant contends that there was undisputed evidence confirming that a quorum of the board did not deliberate in violation of the OMA; therefore, the trial court erred in declaring an OMA violation.

This Court reviews de novo a trial court's decision on a motion for summary disposition, *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011), as well as issues of statutory construction, *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). "We review for an abuse of discretion a trial court's decisions whether to invalidate a decision made in violation of the OMA and whether to grant or deny injunctive relief." *Morrison v East Lansing*, 255 Mich App 505, 520; 660 NW2d 395 (2003), overruled in part on other grounds by *Speicher*, 497 Mich at 132 n 14, 143.

In *Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013), the Michigan Supreme Court articulated the principles governing statutory construction:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [Citations omitted.]

The OMA generally provides that "[a]ll meetings of a public body shall be open to the public and shall be held in a place available to the general public[,]" that "[a]ll decisions of a public body shall be made at a meeting open to the public[,]" and that, except as otherwise provided, "[a]ll deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public[.]" MCL 15.263(1)-(3), respectively.

With respect to causes of action available under the OMA, MCL 15.270(1) provides that a person may file "a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of th[e] act." And MCL 15.270(2) empowers a court to invalidate a public body's decision on the basis of OMA violations. See *Speicher*, 497 Mich at 135. The *Speicher* Court noted that MCL 15.270 "does not provide for an award of attorney fees or costs." *Id.* Next, MCL 15.271(1) states that a person may file "a civil action to compel compliance or to enjoin further noncompliance with" the OMA "*[i]f a public body is not complying with th[e] act.*" (Emphasis added.) According to our Supreme Court, MCL 15.271(1) "contemplates an *ongoing* violation, precisely the circumstances in which injunctive relief is appropriate." *Speicher*, 497 Mich at 138 (emphasis added). As construed by the *Speicher* Court, MCL 15.271(4) allows for an award of court costs and actual attorney fees, but only if a party succeeds in obtaining the injunctive relief described in the statute. *Id.* In holding that a party must be successful in obtaining injunctive relief before being entitled to court costs and attorney fees under MCL 15.271(4), the Court in *Speicher* overruled *Ridenour v Dearborn Bd of Ed*, 111 Mich App 798; 314 NW2d 760 (1981), "and its progeny to the extent that those cases allow for the recovery of attorney fees and costs under MCL 15.271(4) when injunctive relief was not obtained, equivalent or otherwise." *Speicher*, 497 Mich at 143. Finally, MCL 15.273(1) provides that "[a] public official who intentionally violates this act shall be personally liable in a civil action for actual and exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees . . . ." See *Speicher*, 497 Mich at 136.

In sum, MCL 15.270 (action to invalidate decision made in violation of the OMA), MCL 15.271 (action for injunctive relief to enjoin ongoing OMA violation and to compel compliance), and MCL 15.273 (action for damages for intentional OMA violation) "create[] a three-tiered enforcement scheme for private litigants." *Speicher*, 497 Mich at 135. In *Speicher*, the Supreme Court made an important observation concerning MCL 15.270, MCL 15.271, and MCL 15.273, stating:

> As an initial matter, these sections, and the distinct kinds of relief that they provide, stand alone. This is an important point because to determine whether a plaintiff may bring a cause of action for a specific remedy, this Court must determine whether the Legislature intended to create such a cause of action. When a statute, like the OMA, gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only. [*Speicher*, 497 Mich at 136 (citations, quotation marks, and alteration brackets omitted).]

Here, plaintiffs did not seek to invalidate the decision to hire the new superintendent or the decision pertaining to the substance of his contract, so MCL 15.270 was not implicated, nor did plaintiffs pursue a remedy under MCL 15.273 on the basis of an intentional violation of the OMA by a public official. Indeed, no public official was personally named as a defendant. Accordingly, the only other available OMA cause of action was under MCL 15.271, pertaining

to a suit seeking injunctive relief. Before discussing MCL 15.271 any further in regard to injunctive relief, we shall speak to the issue of declaratory relief. In *Speicher*, 497 Mich at 136-137 n 31, our Supreme Court stated:

> The Court of Appeals failed to identify the source of its authority to grant plaintiff declaratory relief in this case. *The OMA does not provide for such relief.* Nor is it clear that plaintiff was entitled to declaratory relief under MCR 2.605, the court rule governing declaratory judgments. See *South Haven* [*v Van Buren Co Bd of Comm'rs*, 478 Mich 518, 533-534; 734 NW2d 533 (2007)] (stating that a party does not have standing to bring a declaratory judgment claim where there is no actual controversy); *id.* at 528 ("It is well settled that when a statute provides a remedy, a court should enforce the legislative remedy rather than one the court prefers.") (quotation marks and citation omitted). In any event, since no party raised the issue, we will assume without deciding that plaintiff was entitled to declaratory relief on its claim that defendants violated the act by not timely posting the Planning Commission's modified meeting schedule, as required by MCL 15.265(3). [Emphasis added.]

Later, in responding to the dissent, the *Speicher* Court noted that "[t]o the extent the dissent invokes the federal presumption that a declaratory judgment is the functional equivalent of an injunction, that presumption has not been adopted in this state, nor would it apply in this context given that the Legislature has explicitly provided injunctive relief as an available remedy under the OMA." *Speicher*, 497 Mich at 143 n 51. Taking into consideration these two passages from *Speicher* (footnotes 31 and 51), along with the Court's admonition, quoted earlier, that "a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only[,]" *id.* at 136 (citation and quotation marks omitted), it becomes abundantly clear that the Supreme Court's view is that a complaint seeking pure declaratory relief, as an independent remedy standing on its own, is unsustainable in regard to alleged OMA violations. Effectively, there was no legislative intent to create an OMA cause of action for declaratory relief. See *Speicher*, 497 Mich at 136 ("whether a plaintiff may bring a cause of action for a specific remedy, this Court must determine whether the Legislature intended to create such a cause of action").

Accordingly, any determination regarding whether there was an OMA violation in the instant case had to be tied to either an attempted invalidation of the employment contract or hiring decision, MCL 15.270, which was not pursued, an action for damages against a public official for an intentional OMA violation, MCL 15.273, which was not commenced, or a request for injunctive relief, MCL 15.271, which was sought by plaintiffs. We note that each one of the three remedies, when pursued, would result in a ruling by a trial court that would necessarily have a declaratory component to it, i.e., if invalidation was sought under MCL 15.270, if injunctive relief was requested under MCL 15.271, or if a damages claim was alleged under MCL 15.273, an underlying determination would need to be made regarding whether there was or was not a violation of the OMA. Ultimately, however, the structure of the OMA and the somewhat limited nature of the available remedies as recognized in *Speicher* only allow for causes of action seeking, on the basis of an alleged OMA violation, (1) invalidation of a public body's decision, (2) injunctive relief, or (3) money damages.

Turning to MCL 15.271, the question becomes whether plaintiffs had a viable cause of action for injunctive relief, which remedy arises when "a public body is not complying with" the OMA. MCL 15.271(1). As indicated earlier, the Supreme Court specifically stated that MCL 15.271(1) "contemplates an ongoing violation[.]" *Speicher*, 497 Mich at 138. Assuming noncompliance with the OMA relative to the flurry of emails regarding the hiring of the new superintendent and his contract, that particular presumed violation was no longer ongoing at the time plaintiffs' lawsuit was filed. Although plaintiffs could have pursued invalidation of the contract or hiring decision under MCL 15.270 on the basis of a completed OMA violation, they opted not to do so. In plaintiffs' complaint, they alleged that defendant, on information and belief, had deliberated on matters "in the recent past" and "likely" was continuing to do so "by mass/joint email communications . . . ." The complaint then alluded to the emails pertaining to the hiring of the new superintendent and his contract; no allegations of other instances of OMA malfeasance were provided in the complaint.

In the trial court's written opinion, the court ruled, as noted earlier, that injunctive relief was not appropriate, considering that plaintiffs had failed to present evidence showing previous, current, or potential future use of email communications to deliberate on matters of public policy comparable to those communications associated with the hiring of the new superintendent and his contract. The court essentially concluded that there was no ongoing OMA violation that would justify injunctive relief. In their rejected motion for reconsideration, plaintiffs cited and attached earlier 2012 emails unconnected to the hiring of the superintendent, which plaintiffs claimed revealed that defendant had long been in the practice of using mass group email communications to do its work, necessitating injunctive relief.

A review of the record does not reveal any evidence that defendant, at the time suit was filed or thereafter, was actively employing email communications to deliberate on matters of public policy. To be clear, we do not find that the "ongoing" requirement of MCL 15.271(1) ("[i]f a public body is not complying with th[e] act") mandates a showing that a public body, at the time an OMA suit is filed, is in the midst of deliberating a particular matter in violation of the OMA. Rather, if there has been a pattern, within a relevant timeframe, reflecting that a public body has been regularly engaging in activity that violates the OMA, an action for injunctive relief under MCL 15.271 would be proper, even if deliberations were not being conducted at the precise point in time when an OMA action is filed; the pattern itself could establish "ongoing" violations.[1] Here, even if the evidence concerning the 2012 emails could be considered and showed an OMA violation, which emails were not submitted until plaintiffs filed their motion for reconsideration and which were not the subject of any specific allegations in the complaint, we

---

[1] For example, if a public body deliberated on ten separate matters over a one-month period, all in violation of the OMA, the filing of an action for injunctive relief under MCL 15.271 would be appropriate *before* an eleventh matter was entertained the following month, even if the tenth matter had been concluded. In such a scenario, the public body's conduct would establish an ongoing OMA violation, i.e., that the public body was "not complying with th[e] act[,]" MCL 15.271(1). The same conclusion would likely not be reached if the ten OMA violations had occurred five years before an OMA injunctive suit was filed, with no current or active violations taking place, nor any violation having transpired during the five-year interim.

-5-

would still find it insufficient to show an ongoing OMA violation. See *Nicholas v Meridian Charter Twp Bd*, 239 Mich App 525, 533; 609 NW2d 574 (2000) ("Merely because a violation of the OMA has occurred does not automatically mean that an injunction must issue restraining the public body from using the violative procedure in the future."), overruled in part on other grounds by *Speicher*, 497 Mich at 132-133 n 14, 143. The distant 2012 emails, considered in conjunction with the superintendent-related emails, were inadequate to establish a regular pattern of conduct during a pertinent timeframe, such that it could be said that there was an ongoing OMA violation, assuming the past conduct even violated the OMA.[2]

Although we agree with the trial court that plaintiffs were not entitled to injunctive relief under MCL 15.271, and thus an award of costs and attorney fees could not enter, it was improper to issue a judgment that nonetheless awarded plaintiffs declaratory relief, as it effectively signified that plaintiffs had a recognizable cause of action for declaratory relief, running afoul of the OMA's three-tiered enforcement scheme and *Speicher*.[3] Given that plaintiffs were not entitled to injunctive relief as a matter of law, they had no sustainable cause of action under the OMA; therefore, the suit should have been dismissed.

We must tackle a couple of other issues before concluding this opinion. First, plaintiffs present an argument that *Speicher*, which was issued after plaintiffs' lawsuit was filed but during the pendency of the lower court proceedings, should only be given prospective application. Plaintiffs raised this issue for the first time in their motion for reconsideration, and thus it was not properly preserved for appellate review and is rejected. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Indeed, in their brief in response to defendant's motion for summary disposition, plaintiffs acknowledged *Speicher* and used the opinion as a basis to support their claim for injunctive relief and the attendant attorney fees and costs, essentially waiving their prospective-only argument. Moreover, the argument also fails on a substantive level. In *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 586-587; 702 NW2d 539 (2005), the Supreme Court observed:

> Typically, our decisions are given retroactive effect, applying to pending cases in which a challenge has been raised and preserved. Prospective application is a departure from this usual rule and is appropriate only in "exigent circumstances." This case presents no "exigent circumstances" of the sort warranting the "extreme measure" of prospective-only application. [Citations, quotation marks, and ellipsis omitted.]

---

[2] Although plaintiffs assert that defendant has taken the position, by way of its answer to the complaint and the cross-appeal, that it may generally utilize email communications similar to those exchanged in finalizing the superintendent's contract without offending the OMA, this is not the same as defendant actually participating in such communications relative to other matters. If defendant chooses to chart such a course, it does so at the risk of future OMA litigation.

[3] In a summary disposition brief, plaintiffs accepted *Speicher*'s pronouncement that the OMA did not provide for declaratory relief, arguing that they sought injunctive and not declaratory relief.

In *Mich Ed Employees Mut Ins Co v Morris*, 460 Mich 180, 197; 596 NW2d 142 (1999), our Supreme Court rejected prospective-only application of one of its decisions that had overruled opinions issued by the Court of Appeals, given that this Court had misinterpreted the law in a manner that was in direct conflict with the plain language of the pertinent statute and the Legislature's intent. The *Speicher* Court noted that "the *Ridenour* court and the cases that followed it impermissibly strayed from the plain language of MCL 15.271(4)." *Speicher*, 497 Mich at 143. Accordingly, we rule that *Speicher* is retroactively effective and was applicable to the instant pending action; there are no exigent circumstances warranting the extreme measure of prospective-only application.

Second, our holding that the OMA does not provide for a cause of action seeking declaratory relief cannot be viewed as being in conflict with *Ridenour* and its progeny, including any binding opinions issued on or after November 1, 1990, MCR 7.215(J)(1). Those opinions, while addressing and ostensibly being accepting of OMA claims for declaratory relief, never specifically confronted an argument or analyzed the issue of whether the OMA actually permits an action for declaratory relief. Rather, the cases were simply concerned with the question regarding whether declaratory relief, when awarded, implicated the right to attorney fees and costs under MCL 15.271(4). See, e.g., *Ridenour*, 111 Mich App at 806; *Nicholas*, 239 Mich App at 535. Furthermore, even if a conflict existed, the words spoken by the Supreme Court in *Speicher* are clear, inescapable, and cannot be ignored – "[t]he OMA does not provide for [declaratory] relief," even though the Court proceeded with its analysis on the assumption that the plaintiff was entitled to declaratory relief. *Speicher*, 497 Mich at 136-137 n 31. The *Speicher* Court's remarks must be given weight by this Court.

In conclusion, we vacate the trial court's ruling granting declaratory relief in favor of plaintiffs and remand the case for entry of an order summarily dismissing plaintiffs' OMA suit, as they posited no or inadequate allegations and evidence in support of their complaint as needed to implicate at least one of the three remedy and cause-of-action sections set forth in the OMA. Thus, plaintiffs were not entitled to court costs and attorney fees.

Affirmed with respect to the denial of injunctive relief, attorney fees, and court costs, vacated in regard to the granting of declaratory relief, and remanded for entry of an order summarily dismissing plaintiffs' OMA action. We do not retain jurisdiction. Having fully prevailed on appeal, defendant is awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Kurtis T. Wilder