# STATE OF MICHIGAN

# COURT OF APPEALS

HARLAN VERMILYA, HERMAN DESHAW, LILIAN DESHAW, KELLY BUCZEK, RICK BUCZEK, BILL BLANCHARD, DEBBIE SAWYER, and LAURA ANKLAM

UNPUBLISHED
June 15, 2017

        Plaintiffs/Counter-Defendants,

and

KIM A. HIGGS,

        Plaintiff/Third-Party Defendant-
        Appellant,

and

KEN REINHARDT, VICTOR L. KAIDAN, FREDERICK C. RIFFELMACHER, RICHARD SNIECINSKI, JOHN ROBERTS, DARLA MORRISETTE, HAROLD CHOSAY, GEORGIA YOUNG, EARL SCHULTE, JUDY SCHULTE, NORMA KLENDER, LEO KLENDER, MELVIN ARNOLD, TUJI ARNOLD, GERALD RICKER, MARY RICKER, BARBARA DEWALD, DOUG DEWALD, SHIRLEY COGAN, AL ARMSTRONG, DONNA ARMSTRONG, WILLIAM RICKER, BARBARA RICKER, ROBERTA RICHARD, WILLIAM RUSHO, JULIE RUSHO, JACK HORNER, MARY ANN TOBIAS, CLARA JEAN, RICAHRD POMAVILLE, DINAH POMAVILLE, HERB GEIGER, JEAN GEIGER, MARY K. BLACK, MARGIE BLACK, KIMBERLY DROPTINY, BRIAN DROPTINY, and JANET PAULEY,

        Plaintiffs,

v

DELTA COLLEGE BOARD OF TRUSTEES, DELTA COLLEGE PRESIDENTS COMPENSATION COMMISSION, JACK R.

No. 331958
Bay Circuit Court
LC No. 09-003024-CZ

-1-

MACKENZIE, DR. THOMAS H. LANE, and
KAREN L. LAWRENCE-WEBSTER,

        Defendants/Counter-
        Plaintiffs/Third- Party Plaintiffs-
        Appellee,

and

DELTA COLLEGE PRESIDENT, MICHIGAN
COMMUNITY COLLEGE RISK
MANAGEMENT AUTHORITY, and
CUMMINGS, MCCLOREY, DAVIS & ACHO,

        Defendants-Appellees,

and

MARY JANE GOODNOW,

        Counter-Plaintiff.

---

Before:  O'BRIEN, P.J., and HOEKSTRA and BOONSTRA, JJ.

PER CURIAM.

In this action alleging violations of the Open Meetings Act (OMA), MCL 15.231 *et seq*., Kim A. Higgs appeals as of right the trial court's order granting summary disposition in favor of Delta College Board of Trustees, Delta College Presidents Compensation Commission, Jack R. McKenzie, Dr. Thomas H. Lake, Karen L. Lawrence-Webster, Delta College President, Michigan Community College Risk Management Authority, and Cummings, McClorey, Davis & Acho.  We affirm.

"This Court reviews de novo a trial court's decision on a motion for summary disposition[.]"  *Citizens for a Better Algonac Comm Sch v Algonac Comm Sch*, 317 Mich App 171, 176; ___ NW2d ___ (2016).  A trial court should grant a party's motion for summary disposition pursuant to MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted."  A trial court should grant a party's motion for summary disposition pursuant to MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."  This Court also reviews de novo a trial court's interpretation and application of statutes and court rules. *Citizens for a Better Algonac Comm Sch*, 317 Mich App at 176-177.  In doing so, courts must turn first to the plain and ordinary meaning of the statute's or court rule's language.  *Id*. at 177. Lastly, a trial court's decision to grant or deny injunctive relief, including injunctive relief under the OMA, is reviewed for an abuse of discretion.  *Id*.

-2-

On appeal, Higgs raises two arguments that essentially present the same issue—whether the trial court erred by concluding that plaintiffs were not entitled to a declaratory judgment as a matter of law. We conclude that it did not.

First, Higgs argues that plaintiffs were entitled to a declaratory judgment under MCR 2.605(A)(1), which provides as follows:

> (1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

"An actual controversy under MCR 2.605(A)(1) exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights." *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 495; 815 NW2d 132 (2012) (internal quotation marks omitted). "The essential requirement of an actual controversy under the rule is that the plaintiff pleads and proves facts that demonstrate an adverse interest necessitating the sharpening of the issues raised." *Id*. (internal quotation marks omitted). We agree with the trial court's conclusion that a declaratory judgment was not necessary to guide a plaintiff's future conduct in order to preserve legal rights in this case. Generally, all of Higgs's and the other plaintiffs' allegations against the defendants have either been resolved, see *Vermilya v Delta College Bd of Trustees*, unpublished opinion per curiam of the Court of Appeals, issued November 4, 2014 (Docket No. 315403), or remain at issue in other pending actions. The only exception, at least in our view, is the alleged violation at issue in this case, which involved some or all of the defendants' failure to post a schedule of the regular meetings within 10 days of the first meeting for the 2009 calendar year. However, defendants do not dispute that allegation. In short, we cannot conclude that an actual controversy exists as required by MCR 2.605(A)(1). Accordingly, we reject Higgs's argument in this regard.

Second, Higgs argues that plaintiffs were entitled to a declaratory judgment under the OMA. As our Supreme Court explained in *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 135-136; 860 NW2d 51 (2014),

> The OMA creates a three-tiered enforcement scheme for private litigants:

> > (1) Section 10 of the OMA allows a person to file a civil suit "to challenge the validity of a decision of a public body made in violation of this act." Subsection (2) specifies when a decision may be invalidated, and Subsection (5) allows a public body to cure the alleged defect by reenacting a disputed decision in conformity with the OMA. Notably, § 10 does not provide for an award of attorney fees or costs.

> > (2) If a public body is not complying with the OMA, § 11 allows a person to file a civil suit "to compel compliance or to enjoin further noncompliance with this act." Subsection (4) provides for an award of court costs and actual attorney fees when three

conditions are met: (a) a public body is not complying with the act; (b) a person files "a civil action against the public body for injunctive relief to compel compliance or enjoin further noncompliance with the act"; and (c) the person "succeeds in obtaining relief in the action[.]" The meaning of this latter phrase is the crux of this case.

(3) Finally, § 13 provides that a public official who intentionally violates the OMA is "personally liable in a civil action for actual or exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees . . . ."

As an initial matter, "these sections, and the distinct kinds of relief that they provide, stand alone." This is an important point because "[t]o determine whether a plaintiff may bring a cause of action for a specific remedy, this Court must determine whether [the Legislature intended to create such a cause of action." When a statute, like the OMA, "gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only."

Stated simply, "the structure of the OMA and the somewhat limited nature of the available remedies as recognized in *Speicher* only allow for causes of action seeking, on the basis of an alleged OMA violation, (1) invalidation of a public body's decision, (2) injunctive relief, or (3) money damages." *Citizens for a Better Algonac Comm Sch*, 317 Mich App at 181. Higgs's argument on appeal essentially asks that we add a fourth, and this Court has, in a published, and thus binding, MCR 7.215(J)(1), opinion, declined to do so based on the Legislature's intent as reflected in the plain language of the OMA. *Citizens for a Better Algonac Comm Sch*, 317 Mich App at 180 ("Effectively, there was no legislative intent to create an OMA cause of action for declaratory relief."). Accordingly, we reject Higgs's argument in this regard as well.

Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.


/s/ Colleen A. O'Brien
/s/ Joel P. Hoekstra
/s/ Mark T. Boonstra

-4-