*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CASEY JAHN,

        Plaintiff-Appellant,

v

COUNTY OF HURON,

        Defendant-Appellee.

UNPUBLISHED
January 21, 2025
12:53 PM

No. 370623
Huron Circuit Court
LC No. 2023-105879-CZ

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff filed a complaint in the trial court in July 2023, alleging that defendant had violated the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* Specifically, plaintiff claimed that he had submitted a FOIA request to defendant via an email sent to the members of the Huron County Board of Commissioners (the Board) in May 2023, but that defendant had failed to respond. Plaintiff attached a copy of his email to his complaint. The email contained several paragraphs alleging various wrongdoings by defendant. In the last paragraph of the email, plaintiff stated the following:

> Lastly, Jodi would it be possible to please get a copy of the Personnel Meeting minutes along with the video that Smith mentioned in a prior response? Look [sic] like I'm going to be needing this. Thanks[.]

Plaintiff alleged that defendant's failure to respond constituted a denial of a valid FOIA request and a FOIA violation, and he requested that the trial court order defendant to produce copies of the requested documents and award plaintiff various fees and damages. Plaintiff later amended his complaint to allege that defendant had also violated the Open Meetings Act (OMA), MCL 15.261 *et seq.*, by relocating a meeting of the Board less than 18 hours before the start of the meeting. Plaintiff requested that the court invalidate the Board's decisions from the meeting,

-1-

enjoin defendant's actions to compel compliance with the OMA, and declare that defendant was in violation of the OMA.

Defendant moved for summary disposition, arguing that plaintiff had not pleaded a valid claim for violation of the FOIA and that its failure to respond to plaintiff's email did not constitute a denial of a valid FOIA request. Defendant also argued that plaintiff's OMA claim was meritless because the Board had relocated the meeting because of an emergency at its usual meeting location. After a hearing, the trial court found that plaintiff's email did not meet the statutory requirements for a valid FOIA request and that defendant's failure to respond to the email was not a denial of a FOIA request. The trial court held that plaintiff had failed to plead a valid claim for violation of the FOIA and had failed to establish a genuine issue of material fact regarding that claim. The trial court also held that plaintiff had failed to establish an ongoing violation of the OMA and noted that the Board's relocation of the meeting was an isolated incident; the trial court also noted that the Board had reenacted its July 11, 2023 meeting at a subsequent meeting. Accordingly, the trial court held that plaintiff had not established a genuine issue of material fact regarding his claim for violation of the OMA. The trial court granted defendant's motion for summary disposition. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion brought under MCR 2.116(C)(8) "tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159. "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160. Summary disposition under MCR 2.116(C)(8) is appropriate when a claim is "so clearly unenforceable that no factual development could possibly justify recovery." *Id*. A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a party's claim. *Id*. When considering a motion under MCR 2.116(C)(10), a trial court must consider all evidence submitted by the parties in the light most favorable to the nonmoving party and may only grant the motion when there is no genuine issue of material fact. *Id*. "A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, 322 Mich App 218, 224; 911 NW2d 493 (2017) (quotation marks and citation omitted). The nonmoving party may not " 'rely on mere allegations or denials in pleadings, but [has to] go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact [exists].' " *Id*. at 229, quoting *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996) (alterations in original modified).

This Court reviews de novo whether a trial court properly interpreted and applied the FOIA, but reviews for clear error the factual findings underlying its interpretation and application. *ESPN, Inc v Mich State Univ*, 311 Mich App 662, 664; 876 NW2d 593 (2015).

This Court reviews de novo the proper interpretation of the OMA. See *Davis v City of Detroit Fin Review Team*, 296 Mich App 568, 584-585; 821 NW2d 896 (2012). We also review de novo questions of law related to a request for declaratory relief. *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 516; 984 NW2d 794 (2021). We review for an abuse of discretion a

trial court's decision whether to invalidate a decision under the OMA, see *Citizens For A Better Algonac Community Sch v Algonac Community Sch*, 317 Mich App 171, 177; 894 NW2d 645 (2016), and whether to grant injunctive relief, see *Davis*, 296 Mich App at 612, or declaratory relief, see *Reed-Pratt*, 339 Mich App at 516. And we review for clear error the factual findings underlying a trial court's exercise of discretion. *Davis*, 296 Mich at 613.

## III. FOIA CLAIM

Plaintiff argues that the trial court erred by granting defendant's motion for summary disposition of plaintiff's FOIA claim. We disagree.

Plaintiff's claim requires interpretation of the FOIA's statutory language. "The principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of Environmental Quality*, 502 Mich 349, 360-361; 917 NW2d 603 (2018). "[W]e must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Id*. at 361 (quotation marks and citation omitted). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). Additionally, a statute's language "must be read in context with the entire act, and the words and phrases used there must be assigned such meanings as are in harmony with the whole of the statute, construed in the light of history and common sense." *Honigman Miller Schwartz and Cohn LLP v Detroit*, 505 Mich 284, 313; 952 NW2d 358 (2020) (quotation marks and citation omitted).

In applying the principles of statutory interpretation to the FOIA, "this Court must construe the FOIA as a whole, harmonizing its provisions." *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 386; 872 NW2d 223 (2015) (quotation marks and citation omitted). Under the FOIA, a person desiring to inspect or receive a copy of a public record must make his or her request in writing to the FOIA coordinator of the public body. MCL 15.235(1). MCL 15.232(m) defines a "written request" as "a writing that asks for information, and includes a writing transmitted by facsimile, electronic mail, or other electronic means." Upon receipt of a FOIA request, a public body must respond within five business days by granting the request, denying the request, granting and denying the request in part, or providing the requestor with notice that it will be extending the period within which to respond by up to 10 days. MCL 15.235(2). The FOIA also provides guidance as to when a public body's failure to respond to a request constitutes a denial:

> Failure to respond to a request under [MCL 15.235(2)] constitutes a public body's final determination to deny the request if either of the following applies:
>
> (a) The failure was willful and intentional.
>
> (b) The written request included language that conveyed a request for information within the first 250 words of the body of a letter, facsimile, electronic mail, or electronic mail attachment, or specifically included the words, characters, or abbreviations for "freedom of information", "information", "FOIA", "copy", or a recognizable misspelling of such, or appropriate legal code reference to this act,

on the front of an envelope or in the subject line of an electronic mail, letter, or facsimile cover page. [MCL 15.235(3).]

We conclude that plaintiff has not demonstrated that defendant's failure to respond to his email constituted a denial of his request. See *id*. Plaintiff's May 16, 2023 email contained 10 paragraphs of text, but the first nine paragraphs addressed other issues and did not ask for information. In the last paragraph, 352 words into the body of the email, plaintiff did use the word "copy," however, that singular use was the only use of the words identified in MCL 15.235(3). Applying the plain language of MCL 15.235, plaintiff failed to convey a request for information within the first 250 words of the email and failed to include terminology in the subject line that demonstrated that it was a request under the FOIA. See MCL 15.235(3)(b).

Plaintiff argues that his use of the word "copy" in the body of his email satisfied the requirements for defendant's delay constituting a denial of a FOIA request. We disagree. Plaintiff's proposed interpretation of the statute does not conform with the statute's plain language. See *South Dearborn*, 502 Mich at 360-361. MCL 15.235(3)(b) specifically states:

> The written request included language that conveyed a request for information within the first 250 words of the body of a letter, facsimile, electronic mail, or electronic mail attachment, *or specifically included the words, characters, or abbreviations for "freedom of information", "information", "FOIA", "copy", or a recognizable misspelling of such, or appropriate legal code reference to this act, on the front of an envelope or in the subject line of an electronic mail, letter, or facsimile cover page.* [Emphasis added.]

It is clear that plaintiff's email neither requested information within the first 250 words nor used one of the specified words in the subject line. Interpreting MCL 15.235(b) as plaintiff suggests would be contrary to the statute's plain language and we decline to do so. See *South Dearborn*, 502 Mich at 361; *Mr Sunshine*, 343 Mich App at 607.

Plaintiff also argues that defendant's failure to respond constituted a denial under MCL 15.235(3)(a) because it was willful and intentional. We disagree. Plaintiff alleged that defendant's failure to respond to his email constituted a denial "because the failure was willful and intentional" under MCL 15.235(3)(a). But this legal conclusion was not accompanied by any specific factual allegations in his pleadings which, if taken as true, would support it. *El-Khalil*, 504 Mich at 159.

Accepting all of plaintiff's factual allegations as true, plaintiff failed to state a claim upon which relief could be granted. Further, there is no indication from the lower court record that additional discovery or factual development could possibly justify recovery. See *id*. Accordingly, the trial court did not err by granting defendant's motion for summary disposition under MCR 2.116(C)(8). See *id*.

### IV. OMA CLAIM

Plaintiff also argues that the trial court erred by granting defendant's motion for summary disposition of plaintiff's OMA claim. We disagree.

The OMA requires a public body to open its meetings to the public and to hold them in a place that is accessible to the general public. See MCL 15.263(1). "Among other requirements, the OMA requires that public notice of a special meeting must be physically posted at least 18 hours before the meeting and, if the body maintains an official website, then public notice must similarly be made on that website 18 hours before the meeting." *Spalding v Swiacki*, 338 Mich App 126, 130; 979 NW2d 338 (2021). If a public body does not comply with the OMA, a trial court has the discretion to invalidate a "decision of a public body" made at a meeting that did not comply with the OMA, if the trial court finds that the "noncompliance or failure has impaired the rights of the public under this act." MCL 15.270(2). "The mere recital in a complaint of language that the rights of the public were impaired, without specific references to facts supporting the alleged violation and public impairment, is insufficient" to sustain a claim for violation of the OMA. *Knauff v Oscoda Co Drain Comm'r*, 240 Mich App 485, 495; 618 NW2d 1 (2000).

Plaintiff argues that the trial court erred by holding that plaintiff had not established a genuine issue of material fact regarding his claim for invalidation under the OMA. We disagree. A public body may reenact a decision that has been challenged as invalid. MCL 15.270(5). If the public body reenacts a decision, the decision becomes effective on the date of the reenactment and may not be invalidated on the basis of any deficiency in the procedure for its initial enactment. MCL 15.270(5). "If a plaintiff seeks invalidation and a subsequent reenactment precludes invalidation, there is no longer any actual controversy within the context of the case." *Leemreis v Sherman Twp*, 273 Mich App 691, 703; 731 NW2d 787 (2007).

In this case plaintiff has failed to establish that the Board's reenactment of the July 11, 2023 meeting did not render his invalidation claim moot. See *Barrow*, 305 Mich App at 659. Plaintiff alleged that the Board changed the location of its July 11, 2023 meeting and provided notice of the change, but moved the meeting back to the original location less than 18 hours before the start of the meeting without providing proper notice. However, the record reflects that the Board reenacted its decisions from the July 11, 2023 meeting during its January 9, 2024 meeting, pursuant to MCL 15.270. Plaintiff does not dispute that the reenactment occurred; rather, he argues that the Board's reenactment did not make invalidation unavailable as a remedy. We disagree. Because the Board reenacted its decisions from the July 11, 2023 meeting on January 9, 2024, its decisions became effective on January 9, 2024, and plaintiff cannot seek invalidation of its decisions because of its failure to properly provide notice for its relocation of the July 11, 2023 meeting. See MCL 15.270(5). No actual controversy exists as to plaintiff's invalidation claim, *Leemreis*, 273 Mich App at 703, and there is no meaningful relief we can grant to plaintiff on this issue, see *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014).

Plaintiff also argues that the trial court erred by holding that plaintiff failed to establish a genuine issue of material fact regarding his entitlement to injunctive and declaratory relief for defendant's OMA violation. We disagree. If a public body fails to comply with the OMA, private citizens may commence a civil action to compel the public body to comply with the OMA or enjoin further noncompliance. MCL 15.271(1). A plaintiff raising an OMA claim has a viable cause of action for injunctive relief when "a public body is not complying with the OMA." *Citizens*, 317 Mich App at 181, citing MCL 15.271(1). However, our Supreme Court has specifically provided that MCL 15.271(1) "contemplates an ongoing violation." *Id*., citing *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 138; 860 NW2d 51 (2014). The requirement of an "ongoing violation" does not mean that plaintiff must show that "a public body, at the time an OMA suit is

-5-

filed, is in the midst of deliberating a particular matter in violation of the OMA." *Id*. at 183. Rather, injunctive relief is only appropriate under MCL 15.271 when there has been a showing that the public body has engaged in a pattern of activity that violates the OMA within a relevant time frame. See *id*. at 182-184. Injunctive relief is inappropriate when the evidence shows that the public body acted in good faith and there is no real and imminent danger that the public body will again violate the law. See *Davis*, 296 Mich App at 622-623.

Plaintiff argues that he is entitled to injunctive relief because the Board's OMA violations were clear and pervasive. However, plaintiff has failed to establish that the Board or defendant had engaged in a pattern of OMA violations, see *Citizens*, 317 Mich App at 182-184, or that the Board did not act in good faith, see *Davis*, 296 Mich App at 622-623. In response to plaintiff's allegations regarding the Board's July 11, 2023 meeting and its failure to provide proper notice of a relocation, defendant explained that the Board had moved the meeting to another location due to a flood in the County Building that caused the elevators to be out of service. However, once the issues regarding the flood and elevator were resolved ahead of the meeting, the Board returned the location of the meeting to the Huron County Building, albeit without providing sufficiently timely notice of the return to the original location. *Spalding*, 338 Mich App at 130. Additionally, the Board reenacted its decisions from the January 11, 2023 meeting at its January 9, 2023 meeting. Plaintiff's amended complaint did not allege any additional or ongoing OMA violations, other than with respect to the July 11, 2023 meeting, and plaintiff did not allege facts regarding any other OMA violation in the lower court proceedings; plaintiff generally alleged that defendant's failure to acknowledge its FOIA and OMA violations throughout litigation indicated that it would violate the OMA again in the future. While plaintiff attempts to provide evidence of additional OMA violations on appeal, these allegations are not properly before this Court and we will not consider them. See *Magley v M & W Inc*, 325 Mich App 307, 322 n 8; 926 NW2d 1 (2018) (providing that a litigant may not expand the record on appeal). Even viewed in the light most favorable to plaintiff, the Board's alleged OMA violation at the July 11, 2023 meeting was a single occurrence due to unusual circumstances, not a pattern of activity. See *Citizens*, 317 Mich at 182-184. The record is also devoid of any evidence that the Board did not act in good faith when conducting the July 11, 2023 meeting or that there was a real and imminent danger that the Board would violate the OMA again. See *Davis*, 296 Mich App at 622-623. Accordingly, the trial court did not abuse its discretion by concluding that injunctive relief was not appropriate. See *id*. at 612-613.

Regarding plaintiff's request for declaratory relief, to seek a declaratory judgment in a civil proceeding, a litigant must meet the requirements of MCR 2.605. *Lansing Schs Educ Ass'n v Lansing Bd of Educ*, 487 Mich 349, 373; 792 NW2d 686 (2010). MCR 2.605(A) provides:

(A) Power to Enter Declaratory Judgment.

(1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

(2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same

-6-

claim or claims in which the plaintiff sought relief other than a declaratory judgment.

"The existence of an 'actual controversy' is a condition precedent to the invocation of declaratory relief." *Lansing Schs Educ Ass'n v Lansing Bd of Educ (On Remand)*, 293 Mich App 506, 515; 810 NW2d 95 (2011) (quotation marks and citation omitted). "An actual controversy exists when declaratory relief is needed to guide a plaintiff's future conduct in order to preserve the plaintiff's legal rights." *Id*. at 516. "Generally, where the injury sought to be prevented is merely hypothetical, a case of actual controversy does not exist." *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 55; 620 NW2d 546 (2000). "In the absence of an actual controversy, the trial court lacks subject-matter jurisdiction to enter a declaratory judgment." *Leemreis*, 273 Mich App at 703.

Plaintiff cannot establish that there is an "actual controversy" warranting declaratory relief in this case. See *Lansing Schs*, 293 Mich App at 515. Again, plaintiff alleged that the Board violated the OMA once, by changing the location of its July 11, 2023 meeting without providing notice of the change more than 18 hours prior to the beginning of the meeting. While plaintiff requested in his amended complaint that the trial court declare defendant to be in violation of the OMA, plaintiff did not allege any actual harm, or even hypothetical harm, resulting from the Board's OMA violation. It is unclear how the Board's single OMA violation, due to unusual circumstances and addressed by the Board's reenactment, created an actual controversy requiring declaratory relief to guide plaintiff's future conduct. See *id*. Because no actual controversy exists in this case, the trial court did not err by granting summary disposition to defendant on plaintiff's request for a declaratory judgment. *Leemreis*, 273 Mich App at 703.

Accordingly, the trial court did not err by granting defendant's motion for summary disposition under MCR 2.116(C)(10) with respect to plaintiff's OMA claim. Viewing the evidence in the light most favorable to plaintiff, the record did not establish a genuine issue of material fact regarding whether an actual controversy existed as to plaintiff's invalidation claim, whether defendant was engaged in an ongoing violation of the OMA, such that there was a real or imminent danger of irreparable harm without an injunction, or whether declaratory relief was appropriate. See *El-Khalil*, 504 Mich at 160.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young